## WILLIAM M. TRITCHLER v. JAY O. BERGESON AND OTHERS.[1]

March 4, 1932.

No. 28,684.

*S. S. Dahl* and *Jenswold, Jenswold & Dahle,* for appellant.
*William J. Archer,* for respondent.

[1]Reported in 241 N. W. 578.

WILSON, C. J.

Defendant Jalmer A. Johnson appealed from a judgment against him for $16,150.49.

Plaintiff prosecutes this action as a taxpayer for the benefit of defendant school district. The amended complaint contains 24 alleged causes of action, but plaintiff at the close of his evidence dismissed all but nine. The action was against six individuals, including appellant, who were members of the board of education of the school district of Virginia, and eight surety companies which had signed their several fidelity bonds. The school district was also made a defendant.

When the case was called for trial plaintiff's counsel stated to the court that a covenant not to sue had been entered into between plaintiff and defendant bonding companies and the defendants Bergeson, Hole, and Frasa, and that there were then pending negotiations for a similar covenant between the defendants Francis P. Johnson and Allen E. McKenzie, which were later consummated. Counsel for the appellant was then permitted to amend his answer by alleging a settlement in which all of the defendants had been released except the appellant. Appellant's counsel further moved the court for a dismissal of the action against the appellant on the ground that the release of the other members of the school district automatically released the appellant, since the release of one joint tortfeasor is a release as to all other defendant joint tortfeasors. A controversy arose as to whether or not a release had been made or merely a covenant not to sue. Thereupon the parties called witnesses to testify as to what had been done in this respect, and the trial court determined upon the record from the evidence then adduced that the agreement entered into was a covenant not to sue and was not a release and discharge. An exception was taken by appellant's counsel, and the case proceeded to trial upon its merits.

The school district purchased lots 5 and 6 in block 41 in the city of Virginia from one Roy Cowan for $7,500. It purchased lot 4 in the same block from one John Larson for $3,000. These purchases were made without submitting the propriety thereof to the

electors of the district, and the electors never had by any election or otherwise authorized the same.

The school board, without advertising for bids, erected a clubhouse by day labor, purchasing and furnishing the materials therefor, and expended in that connection $20,318.86, at all times well knowing that the cost would exceed $500. The court found that the reasonable cost of the building was $17,003.65 and that the school district sustained a loss in the sum of $3,315.20.

Other facts will appear in the opinion.

■ The school district is authorized to buy real estate only when authorized by the voters. G. S. 1923 (1 Mason, 1927) § 2815(1).

The statute does provide that the schoolhouse "site when practicable shall contain at least one block, * * * and when any schoolhouse site shall contain less than such amount, the board shall, if practicable, acquire other land adjacent to or near such site to make, with such site, such amount."

Assuming that this last provision authorizes the board to acquire additional real estate for such mentioned purpose without authority from the electors, the argument of the appellant that the district acquired the property from Cowan and Larson for this purpose is not persuasive. The district did own three lots in the particular block where this property is situated, and upon the property therein so owned by them was a garage building, the lower story of which was used by the district in storing and repairing its buses, while the upper story was used for manual training, teaching automobile work, and in which it also had a band hall used for the instruction of pupils in music. Appellant says that this building was a "schoolhouse" within the meaning of the statute. The fact is that the district owned but three lots in this block and acquired only about one-sixth of the block, making no effort to acquire enough to make a full block. It is also conclusively shown by the record that the district acquired the property from Cowan and Larson for the purpose of constructing thereon a warehouse. Such being the purpose, appellant's present contention, which does not seem to have been urged in the lower court, that the district was acquiring this property

under its authority to increase a schoolhouse site to the extent of one block, is untenable.

Appellant voted for the expenditure of the $7,500 for the Roy Cowan property and the $3,000 for the John Larson property. These properties having been purchased for the purpose of building thereon a warehouse and the voters not having authorized the acquisition, the purchase was illegal; and appellant, by so voting for such expenditures, violated the trust imposed upon him by law and became personally liable for the money wrongfully expended. Burns v. Essling, 163 Minn. 57, 203 N. W. 605; Town of Buyck v. Buyck, 112 Minn. 94, 127 N. W. 452, 140 A. S. R. 464; Burns v. Van Buskirk, 163 Minn. 48, 203 N. W. 608.

Because of the Cowan and Larson expenditures, the court included in the order for judgment an imposition of liability against the appellant in the sum of $10,500, but in connection therewith directed that upon the payment of such amount within a specified time the school district should reconvey these properties to appellant. Counsel now seem to agree that prior to the filing of the order for judgment the electors of the school district voted to sell these properties to the city of Virginia for $5,000, and that pursuant thereto the school district did make such sale to the city. Indeed, appellant's motion for amended findings asked for a finding that these properties were so sold to the city on June 12, 1928, for $5,000. We are unable to find any proof in the record of any such sale. There was no evidence to support such a proposed finding, and the amendment was denied. It seems to us that the question of the appellant's having credit for the $5,000 received from the city for these properties, or the district's inability to reconvey the premises to appellant upon his paying the $10,500, was never presented to the trial court. This opinion therefore will be without prejudice to appellant's right formally to apply to the trial court for credit in the amount that the district has received for this land and the building thereon. The question of a modification of the judgment or a credit of the proceeds received cannot be ignored, but this feature of the case has not been briefed and is indeed not before us for decision.

■ The law is that such a school board cannot make contracts for work or labor, or for the purchase of property, or for the construction or repair of schoolhouses, the estimated cost or value of which shall exceed $500, without first advertising for bids or proposals therefor; and every such contract shall be awarded to the lowest responsible bidder. G. S. 1923 (1 Mason, 1927) §§ 2846, 2847.

In disregard of the foregoing statute, appellant as a member of the board violated the trust imposed upon him by law and voted for the payment of $20,318.86 for the construction of a clubhouse, the reasonable cost of which did not exceed $17,003.65, to the loss of the district in the sum of $3,315.20, for which he is liable.

Appellant also voted for and authorized the payment of $807.05 for the installation of electrical wiring in two school buildings. This involved two separate jobs, neither of which amounted to $500, and hence no advertisement for bids was required; but he violated the trust imposed upon him by law in that the reasonable cost of these two items did not exceed $320, to the loss of the district of $487.05, for which he is liable.

Appellant also violated the law by voting for and approving the payment of $519.90 for certain electric fixtures without any advertised call for bids, and the reasonable benefit to the district and the reasonable value thereof did not exceed $400, the amount paid being unreasonable to the extent of $119.90, for which the appellant is liable.

Appellant also in violation of the trust imposed upon him by law voted for and authorized the payment of $990, which purported to be for two separate lighting plants furnished to the district, the reasonable value of which did not exceed $750, to the loss of the district in the sum of $240, for which he is liable.

■ The court denied appellant's motion for an order reopening the case for the purpose of receiving evidence pertinent to the alleged settlement between the district and the surety companies in August, 1928, wherein $7,500 was paid to the district. Attached to this motion was a paper marked "exhibit A," said to be a resolution of the school board and in form authorizing the execution of a

paper, a copy of which was embraced in the resolution labeled "covenant not to sue," and stating on belief that it had been executed. This related to the same question which had been litigated in the beginning of the trial and in advance of going to the merits of the case, and which the court held to be a covenant not to sue. No effort was made in the motion for amended findings or in the motion for a new trial to impeach the court's determination, from the evidence submitted in reference thereto, that the agreement given for the $7,500 was a covenant not to sue. We have not been requested to review the court's determination of that question. Appellant's conduct would indicate that he recognized the sufficiency of the evidence submitted to support the finding, but in making the application to reopen it would seem that he desired to submit further testimony in support of the same contention already litigated. There was no abuse of discretion in denying this motion.

Affirmed.