# JALMER A. JOHNSON v. INDEPENDENT SCHOOL DISTRICT OF VIRGINIA.[1]

June 16, 1933.

No. 29,443.

[1]Reported in 249 N. W. 177.

294

*Jenswold, Jenswold & Dahle,* for appellant.
*Philip M. Stone,* for respondent.

*OLSEN, Justice.*

Plaintiff appeals from an order sustaining a demurrer to his complaint.

The allegations of the complaint necessary to state are in substance as follows: Plaintiff was a member of the school board of defendant school district. In the year 1926, as one of the members of the board, he voted for the purchase by the school district of three lots in the city of Virginia, wherein the schools of the district were located. The lots were purchased, and in November, 1926, and June, 1927, plaintiff voted for and directed payments of the purchase price of said lots, and the school board paid out of the moneys of the district the aggregate sum of $10,500 as the purchase price thereof. The purchase of the lots was unlawful in that the school board was not authorized to make such purchase without a vote of the electors of the district authorizing the same, and no such authority had been given. In November, 1927, after payment for the lots had been so made, a taxpayer and freeholder of the district, on behalf of himself and other taxpayers, brought suit in the district court to recover from the members of the school board, for the school district, the said sum of $10,500 so wrongfully paid out. The action was tried in December, 1928, and findings and decision therein filed on June 3, 1929. By its conclusions of law in that case the court directed judgment against the present plaintiff for the said sum of $10,500,

"provided, however, that if defendant Jalmer A. Johnson, within thirty (30) days from the date of the filing of these findings and order for judgment, shall pay to said Independent School District of Virginia the sum of Ten Thousand Five Hundred and no/100 Dollars ($10,500.00) he shall be entitled to, and shall take from, the Independent School District of Virginia a deed to [here follows description of the three lots in question] and no judgment shall be entered against him for this said sum of Ten Thousand Five Hundred and no/100 Dollars ($10,500.00)."

On January 4, 1930, the court amended the conclusions of law by extending the time within which Johnson might make such pay-

ment and receive a deed of the lots to any time within 20 days after January 20, 1930. He then tendered the amount required on January 28, 1930, and demanded a deed of the lots. The school board and school district, in the meantime, in July, 1928, and before the taxpayers' suit was tried, had duly sold and conveyed the three lots to the city of Virginia, without consent of the present plaintiff. So the school district, at the time the tender was made, could not comply with the provision requiring it to convey the property to this plaintiff, and his tender and demand for a deed were refused. The trial court, at the time its conclusions of law were made and amended, was not informed as to the lots' having already been sold and conveyed to the city. Thereafter and on December 23, 1930, judgment, including the $10,500, was entered against this plaintiff unconditionally.

■ The law, as applied to the situation presented in the taxpayers' suit, is not much in dispute. The present plaintiff, as defendant in that suit, was liable to the school district for the amount of money unlawfully paid out for the lots. But if the school district elected to retain the benefit of the purchase, retain as its own the property received by the purchase, as it did, then this plaintiff should not have been liable for more than the excess of the purchase price paid over and above the value of the property received, or he would have had the right to offset the value of the property received against the amount otherwise recoverable against him. The purchase of the lots and payment therefor was not morally wrong and not unlawful except in the respect that the school board had not been authorized by vote of the electors to make the purchase. The trial court recognized plaintiff's equitable right to have the value of the property deducted from or offset against his liability by providing for conveyance of the property to him upon payment of the amount paid by the district for the property. We cite City of Louisiana v. Wood, 102 U. S. 294, 26 L. ed. 153; Chapman v. Douglas County, 107 U. S. 348, 2 S. Ct. 62, 27 L. ed. 378; Central Transp. Co. v. Pullman's P. C. Co. 139 U. S. 24, 11 S. Ct. 478, 35 L. ed. 55; Aldrich v. Chemical Nat. Bank, 176 U. S. 618, 20 S. Ct.

498, 44 L. ed. 611; Laird Norton Yards v. City of Rochester, 117 Minn. 114, 134 N. W. 644, 41 L.R.A.(N.S.) 473; First Nat. Bank v. Village of Goodhue, 120 Minn. 362, 139 N. W. 599, 43 L.R.A.(N.S.) 84; Town of Balkan v. Village of Buhl, 158 Minn. 271, 197 N. W. 266, 35 A. L. R. 470; (all cited in plaintiff's brief) as sufficient authority for the law on this question.

. ■ The complaint here in question is defective in its allegations as to damages, in that it asks damages and recovery of the value of the property at a date some three years after the purchase of the property and a year after the school district had sold and conveyed the property. This comes within the rule that asking for a wrong remedy or relief does not render a complaint, otherwise stating a good cause of action, demurrable. The complaint can readily be amended in that respect if the trial court deems it necessary. See 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7549, and cases cited in note 77. In other respects the complaint states a cause of action for recovery of the value of the property received by the school district, to be used as an offset upon the judgment against the plaintiff in the former action.

■ The trial court in its memorandum stated that plaintiff is undoubtedly entitled to an offset or partial satisfaction of the judgment against him, but concludes that because he did not take advantage of the privilege granted him by this court in its opinion in the taxpayers' suit, Tritchler v. Bergeson, 185 Minn. 414, 417, 241 N. W. 578, 580, where it was said that the affirmance was "without prejudice to appellant's right formally to apply to the trial court for credit in the amount that the district has received for this land and the building thereon," he cannot recover in this action. In concluding the paragraph wherein the quoted statement was made, this court said [185 Minn. 417]: "but this feature of the case has not been briefed and is indeed not before us for decision." Quite clearly this court did not intend to bar the plaintiff of any other remedy that he may have had.

■ The defendant contends that the relief plaintiff was entitled to could have been obtained in the taxpayers' suit and that the de-

cision and judgment in that suit are a bar to this action. The taxpayers' suit was commenced shortly after the money was paid out by the school district. The school district had not, up to that time, as far as appears, done anything to show an election either to accept or reject the property. In that suit an offset was not pleaded and the question not litigated, and when the action came to this court we held that the question was not before us for decision.

■ A counterclaim or offset has to be pleaded, but if it is such as to constitute a cause of action in favor of a defendant he may refrain from pleading it and bring suit thereon at a later time.

■ When tender was made and conveyance of the lots demanded of the school district, and the district was unable and refused to convey, a cause of action for equitable relief in favor of this plaintiff arose. The trial and judgment in the taxpayers' suit did not deprive plaintiff of that cause of action.

■ There has been delay and perhaps unnecessary litigation. It is well said that this plaintiff, upon being informed of the decision in the taxpayers' suit and of the fact that the school district had sold and conveyed the property, could then have applied to the district court in that action for appropriate relief. That application, if granted, would have opened the suit for the litigation of the value of the property received and appropriated by the district, a question not litigated in that suit and upon which the parties had not and do not now agree. But the fault, if any, does not rest upon the present plaintiff alone. When the decision was made, requiring the school district to convey the premises to this plaintiff on payment of the amount therein stated, the district, knowing that it had disabled itself from complying with that condition, could and should have disclosed the situation to the court so that appropriate proceeding could be had to cover the situation as it then existed, before judgment was entered. The action is not barred by any statute of limitations.

■ It is urged that the tender made should have been kept good. A tender is not necessary where it would be an idle ceremony. The school district, having disqualified itself from complying with the

condition imposed by the court upon payment to be made, cannot complain that the tender was not kept good.

■ Defendant's demurrer is based on the two grounds, that the complaint fails to state facts sufficient to constitute a cause of action and that there is another action pending between the parties for the same cause. The first ground has been covered. There is not now any prior pending action between these parties. The prior action has finally terminated. We also hold that the prior action was not for the same cause.

■ As before indicated, the question of what relief the plaintiff is now entitled to has not heretofore been litigated. That involves the issue of what was the value of the property actually received and appropriated by the school district at the time it was so received. On the present complaint, if sustained by evidence on the trial, such value, when ascertained, may be offset upon the judgment against this plaintiff in the prior action. Such offset can in no event exceed the $10,500 for which plaintiff was held liable.

We are passing only upon the sufficiency of the present complaint. Any facts which may have since arisen or what defenses the defendant may interpose on the merits are questions not before us.

Order reversed.

*STONE, Justice,* took no part.