In the Matter of the Estate of JAMES L. HAYES, Deceased.

Surrogate's Court, Bronx County, December 22, 1948.

*Karl Propper* for Thomas A. Preston, as administrator of the estate of James L. Hayes, deceased, petitioner.

*Michael A. DiSalvo* for Robert Hamilton, respondent.

*O. J. & W. J. Kalt* for George Paterok and another.

*David Stein,* special guardian.

HENDERSON, S. On June 18, 1948, the decedent as the owner of certain realty, made the following paper writing:

"June 18, 1948

Received from Robert Hamilton, 3317 Baychester Av. $50 deposit on property at 3601 De Reimer Av. Bronx N. Y. Bal. due on closing $9,450.

This gives Robert Hamilton the option to buy within 30 days from date.

JAMES L. HAYES "

The above writing was signed by the decedent and delivered to Hamilton upon the payment of $50.

On July 4, 1948, fourteen days prior to the expiration of the thirty-day period, the decedent died intestate leaving as his distributees two infant sons.

Letters of administration on his estate were issued on July 19, 1948, to the infants' general guardian.

The administrator has brought this proceeding for leave to sell the realty mentioned in the above paper writing, to persons other than Robert Hamilton. As a part of the proceeding, petitioner requests the court to declare the paper void and of no effect within the contemplation of the Statute of Frauds.

Hamilton prays for a decree directing the delivery to him of a deed to such realty.

Barred from testifying by section 347 of the Civil Practice Act as to his personal transactions with the decedent, Hamilton in support of his request has shown that in the month of May, 1948, he applied to a bank for a loan of $7,000 to be secured by a mortgage upon said realty and upon the bank's agreement to make the proposed loan, signed an authorization for an examination of title and a survey. The results of the examination were not known until July 14th.

Upon hearing of decedent's death, Hamilton visited the attorney who subsequently secured the appointment of the petitioner as administrator and exhibited the paper writing to him. The attorney thereupon promised to keep in touch with him.

Thereafter he was served with the citation in this proceeding.

The special guardian for the infants contends that the paper, while it may be a sufficient memorandum to relieve the agreement from failure under the Statute of Frauds (Real Property Law, § 259), could not be accepted as such until the court had

proof of the contract of the parties, and furthermore, that the paper, if it were intended to be an option, fails for want of consideration.

That this paper writing amounted to an option to purchase, and no more, the simple reading of it demonstrates.

Plain meanings may not be changed by parol and the courts will not make a new contract under the guise of interpreting the writing (*Heller* v. *Pope*, 250 N. Y. 132, 135). The use of the word " option " therein necessarily excludes an absolute agreement to buy and sell. By its use the parties assert a fact entirely inconsistent with the existence of any agreement to purchase (*Heller* v. *Pope*, 183 App. Div. 864).

Supported by consideration, an option is binding upon the person who has given it and it cannot be revoked within the time fixed therein; nor will the death of the grantor constitute a revocation. The option is binding not only upon him but his successors in interest (1 Williston on Contracts [Rev. ed.], § 61).

The paper writing recites a deposit of $50. While ordinarily a deposit denotes a contract to sell rather than an option and signifies a prepayment by way of pledge or security (*Barnett* v. *Meisterling,* 327 Ill. 564), the parties did not make such a contract.

Hamilton and the decedent had negotiated prior to the date of the paper and Hamilton incurred considerable expense in ordering the examination of title and survey of the premises after his application for a loan had been approved.

Considering the entire paper and construing it in the light of these circumstances, it cannot be inferred that the payment was to serve no useful or gainful purpose. The only conclusion that reasonably can be drawn is that such payment was consideration for the option. The contemplated use of such sum as a credit upon the eventual closing does not militate against this conclusion.

The general rule is that the time specified in an option is of the essence and that one seeking relief must in general show an actual performance on his own part or a tender of performance (*Codding* v. *Wamsley,* 1 Hun 585, affd. 60 N. Y. 644).

However, in this case, strict performance of the option was prevented by the death of the decedent. Also, by reason of death, title to the realty vested in infants. Strict tender was therefore unnecessary (*Rockland-Rockport Lime Co.* v. *Leary,* 203 N. Y. 469, 484).

Hamilton did attempt to contact the decedent's family and was referred to the attorney who now represents the estate.

It appears also that the administrator was and still is a resident of Maine.

In such a situation, equity will not require more of the respondent. It is enough that having been made a party to this proceeding, he now expresses his willingness to perform (Pomeroy's Specific Performance of Contracts, § 326).

The option as written must contain the full agreement of the parties in order to satisfy the Statute of Frauds. An examination of the paper writing herein discloses that it meets all requirements (*Lerand Corporation* v. *Meltzer*, 267 N. Y. 343).

The application for leave to sell for purposes of distribution is denied and the administrator will be directed to deliver a deed to the respondent in accordance with the provisions of section 227 of the Surrogate's Court Act.

Settle order.