COUNTRY CLUB OIL COMPANY v. HELEN E. LEE, ADMINISTRATRIX, SUBSTITUTED FOR DAVID R. JOHNSON, DECEASED.[1]

April 17, 1953.

No. 35,851.

---

[1]Reported in 58 N. W. (2d) 247.

*Grannis & Grannis* and *Louise Miller,* for appellant.
*O. A. Brecke,* for respondent.

DELL, JUSTICE.

This is an appeal from an order denying plaintiff's alternative motion for judgment notwithstanding the verdict or a new trial.

On August 25, 1949, plaintiff and David R. Johnson, since deceased, (herein referred to as Johnson) entered into an option contract in writing. The portions of the contract material to this appeal provided:

"For and in consideration of the sum of one hundred Dollars ($100.00) to me in hand paid, the receipt whereof is hereby acknowledged, I [Johnson] hereby grant unto Country Club Oil Company of Excelsior, Minnesota an Option for 90 days from the 25th day of August, 1949, to purchase, for the sum of Three Thousand and no/100 Dollars ($3,000.00) the following described lands situated in the County of Hennepin and State of Minnesota to-wit:"

The remainder of the contract described the real estate; provided for Johnson's obtaining a building permit; and outlined the method in which the plaintiff was to exercise the option, the procedure for its termination if not exercised, and the manner by which it could be extended for 60 days to permit examination of title, execution

of conveyances, and closing the transaction. It also provided that, if the option was exercised and the sale completed, the remainder to be paid was $2,900. While not expressly so stated, it is clear from an examination of the instrument as a whole that the $100 which was paid at the time of the execution of the contract was, in the event of the exercise of the option, to be applied upon the pur-. chase price of the property to complete the full payment of the purchase price of $3,000 provided in the contract. Plaintiff delivered its check to Johnson for $100 at the time of the execution of the contract, and the receipt of this amount was acknowledged in the instrument.

Subsequent to the execution and delivery of the instrument, Johnson went to the plaintiff's office and left the check on a desk there. The date this occurred is in dispute. From the evidence it could be found that this occurrence took place either around the seventh or eighth of September, in the early part of October, or about the middle part of October 1949. Because of the statute prohibiting evidence of conversations with a party since deceased, and because one of the court reporters died during the course of the trial and the parties were unable to obtain a satisfactory translation of his stenographic notes, the record is not entirely satisfactory as to what transpired when the check was returned to the plaintiff by Johnson. There is, however, evidence that Johnson "slapped the check·on the desk," stated that he could not go through with the transaction "because he couldn't get his wife to go through with it," and then walked out. At that time Johnson was not married. He had been a widower for several years.

On October 7, 1949, Johnson by deed conveyed the real estate described in the contract together with other real estate to William Egeland. The deed was recorded in the office of the register of deeds of Hennepin county on October 19, 1949. On October 21, 1949, plaintiff wrote a letter to Johnson advising him that it was exercising the option to purchase the property and waiving the provision of the contract requiring Johnson to obtain a building permit. Plaintiff did not return the $100 check to Johnson. Nothing

further having been done, the plaintiff on April 13, 1950, instituted action against Johnson to recover damages in the sum of $3,500 for breach of the option contract. Issue was joined and while the action was awaiting trial Johnson died on March 18, 1951. His administratrix was by order of the court substituted as the defendant in his stead.

At the conclusion of the trial the defendant moved for a directed verdict on the following grounds: (1) That the option was an offer, subject to withdrawal at any time, because it was not supported by an independent consideration and because the offer was withdrawn before acceptance by the plaintiff; (2) that the agreement was terminated by mutual consent; (3) that no adequate tender of performance was ever made by the plaintiff; and (4) that the evidence failed to establish a cause of action.

The court granted defendant's motion and in directing the verdict specifically did so solely on the first ground urged by the defendant in its motion for the directed verdict. The court expressly held that, because the option contract provided that the $100 paid for the option was to be applied on the purchase price of the property if the option was exercised, the option was not supported by a valid consideration.

■ Plaintiff has made no assignments of error. If defendant had not voluntarily joined issue with and argued the questions argued by plaintiff on this appeal, there would be nothing before us for review. The rule is well settled that in a civil action where the appellant makes no assignments of error in this court no question is presented to it for review; but notwithstanding the rule, if respondent voluntarily joins in arguing a question argued by appellant, this court will consider it. Erickson v. Mathwig, 226 Minn. 55, 31 N. W. (2d) 918. In view of defendant's argument in this court of the questions argued by appellant, we have examined the record to determine whether the directed verdict was justified.

■ It is an elementary principle of law that a contract must be construed as a whole. The intention of the parties must be gathered from the entire instrument and not from isolated clauses. As far

as is reasonably possible it is to be construed so as to harmonize all of its parts. 4 Dunnell, Dig. (3 ed.) § 1823.

Applying this rule to the option contract here, it appears clear that the $100 was paid by plaintiff to Johnson as consideration for the 90-day option granted to the plaintiff within which to purchase the real estate described in the contract. While the contract does not expressly provide that in the event of the failure of the plaintiff to exercise the option the $100 was to be forfeited and belong to Johnson, nevertheless construing the contract as a whole, as we must do, the conclusion is inescapable that such was the intention of the parties.

That brings us to the question of whether, because the $100 paid for the option was to be applied as a part of the purchase price of the real estate in the event the option to purchase was exercised, the option was left without a valid consideration. Where the only consideration for the option is the obligation of the optionee to pay the stipulated purchase price of the property in case he elects to exercise the option and purchase the property, that is not a sufficient legal consideration for the option since the consideration for the option must be separate and distinct from the obligation of the optionee to pay the stipulated purchase price in case he elects to purchase the property. 6 Dunnell, Dig. § 10016; Morrison v. Johnson, 148 Minn. 343, 181 N. W. 945. But where, as here, a valuable consideration is paid for the option to purchase property, the option is binding and enforceable during the period stipulated in the option contract notwithstanding that the contract provides that in the event of the exercise of the option the sum paid for the option is to be applied as a part of the purchase price of the property. In the case of Ide v. Leiser, 10 Mont. 5, 12, 24 P. 695, 696, which case is cited with approval by this court in the case of Morrison v. Johnson, *supra,* the Montana court correctly stated the rule as follows:

"* * * As it [the option] is distinct from a sale of lands, or an agreement to sell lands, so its consideration must be distinct; although if a sale of the lands afterwards follows the option, the con-

sideration for the option may be agreed to be applied, and often is as a part payment on the price of the lands."

For other similar authorities, see Matter of Hayes, 193 Misc. 764, 84 N. Y. S. (2d) 593; Johnson v. Noles, 224 N. C. 542, 31 S. E. (2d) 637; Kingsley v. Kressly, 60 Ore. 167, 118 P. 678; Moore v. Beiseker (8 Cir.) 147 F. 367; 66 C. J., Vendor and Purchaser, § 16; 55 Am. Jur., Vendor and Purchaser, § 32.

In directing the verdict the trial court relied upon the case of Morrison v. Johnson, *supra*, and William Weisman Realty Co. v. Cohen, 157 Minn. 161, 195 N. W. 898. Neither case supports the ruling. In the Morrison case, the option contract recited that one dollar had been paid as consideration for the option but the evidence showed that the dollar had not been paid. That left as the only consideration for the option the obligation of the optionee to pay the stipulated purchase price of the property in case he elected to purchase the property. The court pointed out there, as we do here, that that is not a sufficient consideration.

In the Weisman case, the lessor made a written endorsement on the back of an existing lease granting to the lessee the option to renew the lease for an additional five-year period from the expiration of the existing lease at the rate of $250 per month. No consideration was paid for the option contained in the endorsement. It was there held that the consideration of the original lease would not answer as the consideration for the option contained in the endorsement; that, since there was no consideration for the arrangement evidenced by the endorsement, the endorsement was a mere offer without vitality until accepted; and that an offer not supported by a consideration could be revoked at any time prior to its acceptance even though it expressly gave the lessee a definite time within which to accept.

It was error for the court in this case to direct a verdict in favor of the defendant on the ground assigned by the court at the time that the verdict was directed.

■ Defendant however asserts that, if the verdict is sustained by the record as a whole, it must stand even if the court's reason

for directing the verdict was legally unsound. With this contention we agree. It is the function of this court to review the judicial acts of the trial court and not its judicial opinions. If defendant was entitled to a directed verdict for any reason, the trial court must be sustained even though it announced a different reason in directing the verdict. Bemboom v. National Surety Corp. 225 Minn. 163, 31 N. W. (2d) 1; 1 Dunnell, Dig. (3 ed.) § 421.

■ Defendant contends that it was entitled to a directed verdict on the ground that the option contract was mutually rescinded by the parties. In support of this contention defendant relies upon the repudiation of the contract by Johnson. She claims that the plaintiff acquiesced in Johnson's repudiation of the contract and that thereby the contract was mutually rescinded. The rule which defendant seeks to invoke is stated in 4 Dunnell, Dig. (3 ed.) § 1807, as follows:

"* * * A repudiation of a contract by one party, acquiesced in by the other, is tantamount to a rescission. * * *

* * * * *

"Whether a contract has been rescinded by mutual consent or modified is a question for the jury, unless the evidence is conclusive."

17 C. J. S., Contracts, § 389, p. 882, states the rule as follows:

"* * * So, a contract will be treated as abandoned where the acts of one party inconsistent with its existence are acquiesced in by the other. However, mutual abandonment, cancellation, or rescission must be clearly expressed, and acts and conduct of the parties to be sufficient must be positive, unequivocal, and inconsistent with the existence of the contract."

See, also, 12 Am. Jur., Contracts, § 431, and 17 C. J. S., Contracts, § 389.

The evidence here is insufficient to establish as a matter of law mutual rescission of the option contract by plaintiff's acquiescence in Johnson's repudiation of the contract. Under the evidence it could be found that Johnson first gave notice to the plaintiff that

he repudiated the contract about the middle of October 1949. On October 21, 1949, plaintiff notified Johnson in writing that it exercised the option to purchase the property and expressly waived the provision in the option contract requiring Johnson to obtain a building permit. It could be found from the evidence that plaintiff's acts and conduct disclosed that it at all times continued to stand on the contract. It would have been error to direct a verdict on the ground of mutual rescission of the option contract. The issue was for the jury.

■ Defendant claims that it was entitled to a directed verdict because plaintiff did not return the $100 check or make an actual tender of the purchase price specified in the option contract. The law is well settled that, in an attempt to enforce the covenants of an option to purchase, payment or tender of the sum stipulated in the option contract must be made within the time limited by the contract, unless the evidence shows justification for the failure to do so. Vogt v. Ganlisle Holding Co. 217 Minn. 601, 609, 15 N. W. (2d) 91, 95. 12 Am. Jur., Contracts, § 333.

. Here the evidence established that Johnson repudiated the option contract, refused to go through with the transaction, and sold the property to another. This conduct on the part of Johnson excused the plaintiff from either offering to return the $100 check or tendering the remainder of the purchase price under the option contract, for it is clear that such tender would have been futile and useless. The law is well settled that a tender is unnecessary where it would be an idle ceremony. Brown v. Eaton, 21 Minn. 409; Matteson v. United States & Canada Land Co. 103 Minn. 407, 115 N. W. 195; Johnson v. Independent School Dist. 189 Minn. 293, 249 N. W. 177; Union Central L. Ins. Co. v. Schultz, 199 Minn. 131, 271 N. W. 249; Morgan v. Ibberson, 215 Minn. 293, 10 N. W. (2d) 222; 6 Dunnell, Dig. & Supp. § 9612.

On the record here the court erred in directing a verdict for the defendant on any ground, and there must be a new trial.

Reversed and new trial granted.