185 So.2d 191 (1966)
Helen E. McMULLEN, Appellant,
v.
Hugh S. McMULLEN, Appellee.
No. 6141.
District Court of Appeal of Florida. Second District.
April 20, 1966.
*192 Thomas J. Collins, of Collins & Hallett, St. Petersburg, for appellant.
Ben Krentzman, of Krentzman, MacKenzie & Bennison, Clearwater, for appellee.
LILES, Judge.
Appellant, defendant below, brings her appeal from a divorce decree entered in favor of appellee, plaintiff below.
The parties, both of whom are elderly, were married in 1958. At that time they both owned various pieces of real property in their own names, and prior to the marriage they entered into an antenuptial agreement. This agreement provided in effect that both parties would execute the necessary conveyances so that all the property would be held by them as tenants by the entirety. Defendant's dwelling house and certain rental property located in St. Petersburg, certain of her timberlands located in Georgia, and a lot owned by her in Pasco County, and plaintiff's forty acre homesite were thus conveyed. Shortly after the marriage, however, defendant indicated some dissatisfaction with the agreement. At her insistence her St. Petersburg home was reconveyed to her as sole owner. The rental property in St. Petersburg was sold to a third party, and all of the net proceeds were received by defendant in her sole name. The Georgia property was also sold with defendant receiving the proceeds thereof. The only property that was still held by the entireties was the lot in Pasco County, worth a few hundred dollars, and plaintiff's forty acre homesite, worth considerably more.
Subsequently, the parties experienced marital difficulties with the result that defendant left plaintiff and refused to return to him. Plaintiff ultimately brought this suit for divorce alleging desertion on defendant's part and seeking a conveyance from defendant to plaintiff of her interest in the forty acre homesite. The chancellor granted a divorce to plaintiff, rescinded the antenuptial agreement, and ordered the parties to execute the necessary conveyances so that each would hold in his sole name the property still held as tenants by the entirety. The chancellor specifically declined to award defendant alimony or suit money. Defendant brings this appeal questioning the adequacy of the corroborating testimony as to the grounds for divorce, the chancellor's failure to award her suit money, and his action in rescinding the antenuptial contract.
As to defendant's first contention, we find there was sufficient corroborating testimony from witnesses for the plaintiff to support his alleged ground for divorce. As to the chancellor's failure to award suit money to defendant, such an award is a matter of discretion for the chancellor, based on the circumstances of the parties. Banfi v. Banfi, 123 So.2d 52 (D.C.A.Fla. 1960). Under the circumstances of the parties as disclosed by the record, it has not been shown that the chancellor abused his discretion in failing to award defendant suit money. See, e.g., Rogoff v. Rogoff, 115 So.2d 456 (D.C.A.Fla. 1959).
*193 We are also of the view that the chancellor was correct in declaring the antenuptial agreement to be rescinded and set aside. Such agreements are contractual in nature and should be construed as other types of contracts. See Underwood v. Underwood, 64 So.2d 281 (Fla. 1953). The chancellor found that the purpose of the agreement was not merely that each should hold a one-half interest in the other's property, but that each intended to derive benefits from the commingling of their respective properties. The chancellor found that "* * * these benefits have not matured, and * * * the purposes of the agreement died aborning." In effect, the chancellor found the antenuptial contract had been abandoned or mutually rescinded by the parties.
The abandonment of a contract may be effected by the acts of one of the parties thereto where the acts of that party are inconsistent with the existence of the contract and are acquiesced in by the other party. This is tantamount to a rescission of the contract by mutual consent. John F. Clark & Co. v. Nelson, 216 Ala. 199, 112 So. 819, 53 A.L.R. 173 (1927); Country Club Oil Co. v. Lee, 239 Minn. 148, 58 N.W.2d 247 (1953); Nelson v. Cross, 152 Neb. 197, 40 N.W.2d 663 (1950); 17A C.J.S. Contracts § 389. As was pointed out above, the antenuptial agreement contemplated the various benefits derived from holding property as tenants by the entirety. Yet, shortly after the parties were married, defendant insisted upon a reconveyance to her of plaintiff's interest in her St. Petersburg residential property. Plaintiff joined in a conveyance of the St. Petersburg rental property to a third person, but defendant received all the proceeds of that sale. The Georgia timberlands were also sold, and defendant received the benefits thereof. These acts, to which plaintiff acquiesced, were certainly inconsistent with the purposes of the antenuptial agreement and evidenced a desire on defendant's part to abandon the terms of the contract as far as her property was concerned. Plaintiff's acquiescence made this abandonment mutual, and the chancellor correctly so determined.
For the foregoing reasons, the decision of the chancellor below is affirmed.
SHANNON, A.C.J., and PIERCE, J., concur.