**NOVAK EQUIPMENT, INC., Plaintiff,**

v.

**Frank HARTL, Defendant.**

No. 53327.

Supreme Court of Iowa.

June 10, 1969.

Robert E. Ford, Cedar Rapids, for appellant.

William J. Matias, Cedar Rapids, for appellee.

LeGRAND, Justice.

On September 21, 1965, defendant purchased a used self-propelled combine from plaintiff, a John Deere implement dealer. The total purchase price was $6850.00. Defendant paid $1705.00 down and was allowed $350.00 on a trade-in of other equipment. The balance was to be paid in installments beginning May 1, 1966, as provided in a conditional sales contract executed by the parties. On the same day plaintiff assigned this contract to John Deere Company. At the time the contract was made, defendant knew the purchase was to be financed by John Deere Company and that the contract was to be assigned to that corporation.

The combine failed to satisfy defendant, and there is substantial though disputed, evidence it did not meet the standards he could reasonably expect from it. Defendant made repeated objections about its performance and ultimately told plaintiff he would not make any payments on the contract. Defendant testified, "I told him [Novak] I will give you $500.00 and you just take this combine back * * * and Novak said no. He would have to see what John Deere would do about it because it was up to John Deere. I told him I had to do something, that I wasn't going to keep the combine this way and he said he couldn't take it back * * *." Walter Novak testified to this same effect.

After the May 1, 1966, payment had been defaulted, a John Deere representative called on defendant at least twice concerning payment. Shortly thereafter John Deere Company removed the combine from defendant's farm, after first securing his permission to do so.

There the matter rested until plaintiff sued defendant on an open account for other merchandise purchased from 1964 to 1966.

Defendant filed a counterclaim in three divisions based on the transaction involving the used combine. The first division asserted a right to rescission for breach of warranty; the second asked damages; and the third may be disregarded since there was no appeal from the trial court's finding there was no evidence to support it.

Plaintiff's action was disposed of by summary judgment in its favor. This matter comes to us on plaintiff's appeal from judgment for defendant on the counterclaim.

This case was tried to the court as a law action. The findings of the trial court have the effect of a special verdict. If there is substantial basis in the record for such findings, they are binding on us. Rules 334, 344(f) (1), Rules of Civil Procedure.

The trial court found there had been a rescission by mutual consent and rendered judgment in favor of defendant, ordering plaintiff to return the down payment made on the combine. We mention here this was not the relief sought by defendant, who asked rescission because of breach of warranty and whose evidence was directed entirely toward proving that issue. Although we dispose of the case on other grounds, we believe this variance between what was pled and what was decided has much to do with the absence of evidence on the issue of cancellation by agreement of the parties, which we discuss later.

The assignments of error by plaintiff present two questions: (1) Did plaintiff, after assigning the contract to John Deere Company, have any interest therein which would permit it to enter into a valid agreement to rescind; and (2) if so, was there substantial evidence that plaintiff consented to a rescission of the contract?

I. The first assignment raises several interesting problems concerning the relationship between plaintiff and John Deere Company; the validity of the assignment to John Deere Company; and the authority of plaintiff, despite the assignment, to enter into an agreement to rescind the contract. In view of our conclusion that plaintiff is entitled to a new trial under the second error assigned, we need not consider these questions. In passing, we merely say assignments such as we have here, unless additional circumstances are shown, have been held effective to transfer the assignor's rights under the contract. 6 C.J.S. Assignments § 95, page 1152; Ritchie v. Hilmer, 251 Iowa 1002, 1004, 103 N.W.2d 858, 859.

■ II. Plaintiff asserts there is no evidence to permit the finding of rescission by mutual consent. We are compelled to agree.

■ If there is substantial supporting evidence, such finding is conclusive on appeal. Rule 344, (f), (1), R.C.P.; Dougherty v. Sioux City, 246 Iowa 171, 191, 66 N.W.2d 275, 286 and citations; Culligan Soft Water Service v. Berglund, 259 Iowa 660, 666, 145 N.W.2d 604, 607.

■ This does not mean, however, that we are powerless to set aside a finding for which there is no support in the evidence. Swift v. Petersen, 240 Iowa 715, 721, 37 N.W.2d 258, 261; Miller v. Woolsey, 240 Iowa 450, 458, 35 N.W.2d 584, 589 and citations.

■ Parties to a contract may, of course, rescind it by mutual agreement. Furthermore such rescission need not take on any particular formality. It may be in writing, it may ordinarily be oral, or it may be by the acts and conduct of the parties. No matter how established, however, the evidence must clearly show the *mutuality* of consent. 17 Am.Jur.2d, Contracts, section 389, page 882; section 494, page 967; Mortensen v. Frederickson Bros., 190 Iowa 832, 846, 180 N.W. 977, 982; Kilpatrick v. Smith, 236 Iowa 584, 595, 19 N.W. 2d 699, 704; O'Dell v. O'Dell, 238 Iowa 434, 456, 26 N.W.2d 401, 412; Siebring Mfg. Co. v. Carlson Hybrid Com. Co., 246

Iowa 923, 928, 70 N.W.2d 149, 152; Country Club Oil Co. v. Lee, 239 Minn. 148, 58 N.W.2d 247, 250; Cruse v. Clawson, 137 Mont. 439, 352 P.2d 989, 993.

There is no evidence here to sustain the trial court's finding of rescission by mutual consent. All evidence is to the contrary. Only two witnesses testified concerning this issue—defendant and Walter Novak. Both stated plaintiff had refused to cancel the contract.

■ Nor can we find the conduct of the parties amounted to such a rescission. The combine was repossessed after default in the contract payments and was entirely consistent with the terms of the contract, which permitted such action upon non-payment. Conduct establishing rescission by mutual consent must be clear and unequivocal and must be inconsistent with the existence of the contract. What is relied on here falls far short of those requirements. 17A C.J.S. Contracts § 389, page 467; In re Estate of Reed, Mo., 414 S.W.2d 283, 286; Country Club Oil Co. v. Lee, supra; Cruse v. Clawson, supra.

We have reviewed the record carefully and find no evidence to sustain the holding that plaintiff agreed to a rescission of this contract.

■ III. This does not dispose of the case. Ordinarily a finding of insufficient evidence to support a judgment would enti-

tle the successful appellant to a reversal for entry of one in his favor. Here, however, there remain issues which were presented to, but not decided by, the trial court. On these defendant still must have his day in court. Plaintiff apparently recognized this, since the appeal seeks only a new trial.

When the trial court found there had been a rescission by the mutual consent of the parties, it became unnecessary to rule on several questions in the case: breach of warranty and defendant's claim for damages. Because of our conclusion in Division II, they now require determination.

■ We call attention to the fact, perhaps unnecessarily, that the remaining issues seek inconsistent remedies, since one relies upon a repudiation of the contract and the other upon an affirmance of it. Defendant cannot recover under both. 28 C.J.S. Election of Remedies § 6, page 1070; International Harvester Co. of America v. Tjentland, 181 Iowa 940, 947, 165 N.W. 180, 182; Miller-Piehl Equipment Co. v. Gibson Commission Co., 244 · Iowa 103, 110, 56 N.W.2d 25, 29.

For the reasons stated in Division II, we reverse the judgment of the trial court and remand for a new trial on all issues.

Reversed and remanded.

All Justices concur, except STUART, J., who takes no part.