Donald L. BOE, et al., Appellants,

v.

Melvin A. CHRISTLIEB, et al.,
Respondents.

No. C9–86–1077.

Court of Appeals of Minnesota.

Jan. 13, 1987.

Thomas A. Opheim, Opheim Law Office, Ada, for appellants.

Donald A. Wirries, Moorhead, for respondents.

Considered and decided by POPOVICH, C.J., and WOZNIAK and FORSBERG, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Donald and Marilyn Boe appeal from a trial court order granting respondents' motion for injunctive relief. They contend the trial court erred when it held the terms of a contract for deed were unambiguous and gave respondents a security interest in motel business fixtures and furnishings, as well as the realty covered by the contract. We affirm.

### FACTS

The parties entered into a contract for deed for the sale of respondents' motel business to appellants in May 1980. The contract included personal property used in operating the business, as well as realty. Appellants defaulted under the payment terms of the contract for deed.

In early 1986, respondents initiated cancellation proceedings on the contract for deed and also brought an action for injunctive relief to prevent appellant from removing, selling, or disposing of the personal property specifically listed in Article XVI of the contract.

On April 26, 1986, the trial court temporarily restrained appellants from selling, transferring, disposing of, or removing the personal property. Following a May 1986 hearing, the trial court issued an order enjoining appellants from selling the personal property. Subsequent to this appeal, the trial court amended the May order in July 1986 due to a clerical error to enjoin appellants from removing, selling, or disposing of the personal property.

Appellants argue that the contract for deed is not unambiguous as a matter of law and that title to the personal property passed outright to them at the time the contract was executed. The trial court held that Article XVI of the contract was not ambiguous and respondents intended to

retain a security interest in the property. This article provides:

PERSONAL PROPERTY

The parties hereto agree that the following items of personal property shall be a part of this Agreement and Seller hereby tenders ownership of said personal property to Buyer.

\* \* \* \* \* \*

Buyer shall have the privilege of replacing any personal property located on the premises as Buyer determines such items to be worn or obsolete, but title to such replacement shall vest in the Seller, until the balance of the purchase price is fully paid.

The transcript of the May 8, 1986 hearing is not included with this appeal. On August 21, 1986, the trial court denied respondents' motion for an order compelling appellants to order a transcript of the hearing. The trial court held:

Plaintiffs appeal from that order contending that the language of the contract for deed is not ambiguous as a matter of law and that title to the personal property passed outright to them at the time the contract was executed. There is no need for a transcript to resolve that issue.

### ISSUE

Did the trial court err in holding that respondents retained a security interest in the personal property listed in Article XVI of the contract for deed?

### ANALYSIS

 Generally, the decision of a trial court, acting as the trier of fact, will not be set aside on appeal unless it is clearly erroneous. Minn.R.Civ.P. 52.01. However, the question of whether the terms of a contract are ambiguous is a question of law to be determined by the court. *Blackburn, Nickels & Smith, Inc. v. Erickson,* 366 N.W.2d 640, 643 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. June 24, 1985). An appellate court may determine whether a contract is ambiguous without deference to the trial court's determination. *Id.*

 When the terms and provisions of a contract are susceptible of more than one meaning, they are ambiguous. *See National Farmers Union Property & Casualty v. Anderson,* 372 N.W.2d 71, 74 (Minn. Ct.App.1985). However, where the language is unambiguous, courts must accord the language its ordinary meaning. *Id.* at 74. Contracts must be construed as a whole, with the parties' intentions gathered from the entire instrument, not from isolated clauses. *Country Club Oil Co. v. Lee,* 239 Minn. 148, 151, 58 N.W.2d 247, 249 (1953).

The contract here is for the sale of a motel business. Applying these rules, it is obvious the $240,000 purchase price for the Norman Motel included the fixtures and furnishings of the business as well as the realty. Other than Article III, which sets forth the financial terms of the sale, there is no reference in the contract to a separate value or payment for the motel business's furnishings.

Article III provides:

Buyer in consideration of the premises, hereby agrees to pay Seller, at a place to be designated by Seller, as and for the purchase price of said premises, the sum of TWO HUNDRED FORTY THOUSAND DOLLARS ($240,000.00), in manner and at times as follows:

a. FIFTEEN THOUSAND DOLLARS ($15,000.00) upon the execution of this Agreement as a partial downpayment.

b. TEN THOUSAND DOLLARS ($10,000.00) on August 1, 1980, as and for additional down payment.

c. TEN THOUSAND DOLLARS ($10,000.00) as a balloon payment on July 1, 1986. \* \* \*

d. TWO HUNDRED FIFTEEN THOUSAND DOLLARS ($215,000.00) in equal monthly installments \* \* \*.

Buyer shall have the right to pay any and all sums due under this agreement at any time without penalty.

**134**

When Article XVI is considered in conjunction with the rest of the contract, it is clear that title to the personalty on the premises, as well as any potential replacement items, remains with the seller until the contract is satisfied. Appellants argue that the $15,000 downpayment and the subsequent $10,000 payment were adequate compensation for the personalty, leaving the real property as sufficient security. However, the contract terms do not support this contention.

We find no merit in appellants' argument that the furnishings of the motel business were severable from the realty. The contract for deed was for the sale of a motel business, and the provisions of the contract show the sale of personalty and realty were combined in a single transaction.

Further, we find that the Uniform Commercial Code (UCC), as adopted in Minnesota, does not support appellants' position. Respondents' interest in the motel furnishings secures payment for the motel business. Minn.Stat. § 336.1–201(37) (1984). Appellants signed the contract for deed containing a detailed description of the personalty. Minn.Stat. § 336.9–203(1)(a) (1984). Although respondents never filed their interest to protect against third parties, the UCC does not preclude its existence. *See also* Minn.Stat. § 336.9–203(2).

We agree with the trial court's reasoning in the memorandum accompanying its order:

> It does not make sense that parties would enter into a contract for the sale of a motel and reserve unto the sellers title to the real estate and provide in the same contract for a completed sale of those items of personal property that are essential and necessary to the operation of the motel.

### DECISION

Where parties enter into a contract for deed for the sale of a motel business and specifically list furnishings and fixtures in the contract, the trial court did not err in finding the sellers retain a security interest

and in enjoining the appellants from disposing of the personalty used in operating the business.

Affirmed.