**Matthew D. WIYSEL, Appellant,**

v.

**WILLIAM PENN COLLEGE, an Iowa nonprofit corporation, Appellee.**

No. 89–288.

Court of Appeals of Iowa.

Oct. 5, 1989.

William F. Creasey of Goedken & Creasey, Muscatine, for appellant.

Harold B. Heslinga of Heslinga, Heslinga, Dixon & Grotewold, Oskaloosa, for appellee.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Appellant appeals the district court's judgment for appellee on appellant's suit for breach of contract. We affirm.

Wiysel and William Penn College executed "Articles of Agreement" on May 30, 1984. Pursuant to this agreement, Wiysel was to be employed for twelve months beginning July 1, 1984, as a business manager and assistant professor. Wiysel performed these duties between July 1 and November 1.

On November 8, 1984, Wiysel met with the college's president, John Wagoner. The parties dispute the purpose of the meeting. Wiysel maintains the meeting was to discuss his duties and salary. He was disappointed with his original contract. Wagoner maintains the meeting was to discuss Wiysel's job performance.

At this meeting Wiysel presented a new and different document on a standardized form the college had used for his prior employment contract. The unsigned document provided for service beginning November 1, 1984, which increased his annual salary from $28,325 to $40,000. During this meeting Wiysel and Wagoner exchanged many unpleasant words. Wiysel

felt he was worth this increase in pay to the college because of the expertise he had in his given field. He also questions Wagoner's ability as president.

The next day the parties met again. During this meeting Wagoner asked Wiysel to resign. Wiysel refused, relying on his May 30, 1984, employment contract. He said that Wagoner, an ordained minister, was hypocritical and his words were so much "sanctimonious shit." The meeting was then terminated.

On November 10, Wiysel called Harold Case, the former business manager of the college, and requested his cooperation in getting rid of Wagoner as president. Case declined.

On November 13, 1984, Wagoner handed Wiysel a letter which indicated that Wiysel's position was to be declared open. Wiysel left William Penn and searched for another job. Alleging breach of contract, he later filed the current action seeking damages of $20,213.89.

After hearing the evidence, the district court concluded that Wiysel's comments to Wagoner on November 8, 1984, coupled with the presentation of Wiysel's proposed employment contract prepared on the college's form, evidenced an intent to terminate the provisions of the parties' existing contract. The court dismissed Wiysel's petition and entered judgment for defendant.

■ On appeal, Wiysel argues that his presentation of the form document which contained the words "[t]his contract must be signed and returned to the president's office within 7 days from the date of the contract; otherwise the position will be declared open," did not manifest a mutual unequivocal intent that Wiysel intended to abrogate his present contract and resign from his position. Rather, the standardized form was one used by the college for potential employees where the college has already executed the contract and the only act necessary to form an agreement is for the employee to sign. Wiysel had simply prepared the form in the usual manner prior to the meeting. He believes the trial court placed undue emphasis on this form.

Our review is on assigned errors. Iowa R.App.P. 4. We review the evidence in a light most favorable to the trial court's decision. *Kurtenbach v. TeKippe*, 260 N.W.2d 53, 54 (Iowa 1977). In a case tried to the court, the court's findings of fact have the effect of a jury verdict. *Brichacek v. Hiskey*, 401 N.W.2d 44, 47 (Iowa 1987). Such findings are binding if they are supported by substantial evidence. Iowa R.App.P. 14(f)(2).

We find there is substantial evidence in the record to support the trial court's finding that the parties rescinded their contract of employment. As the Iowa Supreme Court noted in *Recker v. Gustafson*, 279 N.W.2d 744, 755 (Iowa 1979): "[w]here a contract is rescinded the contractual obligations of the parties are discharged, although the parties may enter into a new contract." The court went on to point out:

It is true that the mutual rights and duties existing under a bilateral contract can be discharged by a mutual agreement of rescission. When such a rescission has taken place, neither party has any further right or duty under the rescinded contract. If that contract was a contract of employment, the servant is out of a job and free to take a different one, and the master is out of a servant and free to hire a new one in his place. In such a case as this, the two parties have exactly the same power to make a new contract as they would have had if there had been no previous transaction between them.

*Id.* (quoting 1A Corbin on Contracts § 186, at 159 (1963)).

■ When appellant presented the new employment contract to appellee, it constituted an offer to rescind the previous contract. Appellant never revoked this offer of rescission prior to the appellee's acceptance of it on November 13, 1984. There is no particular formality required by parties in order to rescind a contract. *See Novak Equipment, Inc. v. Hartl*, 168 N.W.2d 924, 926 (Iowa 1969). Appellee's acceptance of appellant's offer to rescind constituted mutual agreement to rescind the contract of

employment between appellee and appellant.

AFFIRMED.