NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PETER A. GERACI, )
)
        Appellant/Cross-Appellee, )
)
v. ) Case No. 2D13-1206
)
SHEILA A. GERACI, )
)
        Appellee/Cross-Appellant. )
)

Opinion filed December 12, 2014.

Appeal from the Circuit Court for
Hillsborough County; Richard A. Weis and
Cheryl K. Thomas, Judges.

Patricia K. Kuhlman and David A. Maney of
Maney, Damsker, Jones & Kuhlman, P.A.,
Tampa; and Mark A. Linsky of Mark A.
Linsky, P.A., Tampa, for Appellant/Cross-
Appellee.

Raymond T. Elligett, Jr., and Amy S. Farrior
of Buell & Elligett, P.A., Tampa; and
David M. Carr of David Michael Carr, P.A.,
Tampa; and Matias Blanco, Jr., Tampa, for
Appellee/Cross-Appellant.

ALTENBERND, Judge.

        The former husband, Peter A. Geraci, appeals the judgment of dissolution

of marriage from his former wife, Sheila A. Geraci.  She cross appeals from the same

judgment. Except for an issue involving a $220,000 certificate of deposit, we affirm the trial court.

This couple married in 1982. The marriage lasted nearly thirty years. Prior to and during the marriage, Mr. Geraci's family had substantial business and real estate investments primarily in Pasco County and Hillsborough County. At the time of the marriage, the couple executed an antenuptial agreement in which Ms. Geraci waived all rights to support and most rights to equitable distribution in the event of a divorce. The dissolution proceeding was extensively litigated with the focus of the dispute on the enforceability of the antenuptial agreement and the marital or nonmarital status of the extensive real estate holdings. The record on appeal is approximately twenty-five thousand pages in length, and as a digital record, it has been a challenge for this court to review.

In the trial court, this case was resolved in a two-step process. First, the enforceability of the antenuptial agreement was litigated before Judge Weis, and then the issues of support and equitable distribution were litigated before Judge Thomas. Judge Weis determined that the 1982 antenuptial agreement was abandoned or rescinded by mutual consent as a result of the conduct of the parties during this long marriage. The law of the Second District has long recognized that an abandonment of an antenuptial agreement is a factual possibility. See McMullen v. McMullen, 185 So. 2d 191, 193 (Fla. 2d DCA 1966). After a review of the evidence, we conclude that the trial court's determination that the parties' conduct over the life of this marriage effected an abandonment of the antenuptial agreement is supported by competent, substantial evidence.

The impact of the ruling on the antenuptial agreement is softened by Judge Thomas's subsequent ruling that Mr. Geraci had retained the nonmarital status of much of his property. To the largest extent, Judge Thomas accepted the testimony of Mr. Geraci's financial expert. As a result, the amount of appreciation to real estate treated as marital property subject to equitable distribution was quite limited. Of the more than twenty-nine million dollars of assets valued in the final judgment, more than twenty million dollars of assets were treated as Mr. Geraci's nonmarital property. Only 8.4 million dollars of property was subject to equitable distribution, and it was equally divided. As for support, the trial court determined that Ms. Geraci's needs per month totaled $12,657. After accounting for investment income and other factors, the trial court awarded Ms. Geraci $6928 per month in permanent periodic alimony.

We reject Mr. Geraci's arguments that the antenuptial agreement prevents the award of support or equitable distribution in this case. The valuation of the assets for equitable distribution is supported by competent, substantial evidence, and we find no abuse of discretion in the awards made by Judge Thomas. Likewise, we reject Ms. Geraci's argument that the trial court was required to base the equitable distribution on a larger portion of the real estate.

In the final judgment, Judge Thomas determined that shortly before filing for divorce, Ms. Geraci removed approximately $220,000 from a certificate of deposit solely owned by Mr. Geraci. We can find no adjustment to any monetary award in the final judgment to account for this determination. We do not know whether Judge Thomas factored that amount into the support provided during the pendency of the proceeding or whether this amount was simply overlooked in the calculations.

Accordingly, we reverse this judgment only to the extent of requiring Judge Thomas on remand to address this $220,000 issue and enter an amended judgment providing appropriate relief.

Affirmed in part, reversed in part, and remanded.

LaROSE and CRENSHAW, JJ., Concur.