515 So.2d 1298 (1987)
Anne-Lise GUSTAFSON, As Personal Representative of the Estate of Henning Jensen, Appellant,
v.
Dorrit JENSEN, Appellee (Two Cases).
Nos. 86-2754, 86-2964 and 86-3150.
District Court of Appeal of Florida, Third District.
November 10, 1987.
Rehearings Denied December 17, 1987.
*1299 Edward C. Vining, Jr., and Thomas B. Scott, Miami, for appellant.
Kimbrell & Hamann and Roy D. Wasson, Miami, for appellee.
Before BARKDULL, HENDRY and BASKIN, JJ.
HENDRY, Judge.
This proceeding arises from a final judgment of dissolution of the marriage between Dorrit and Henning Jensen. Two consolidated appeals from that judgment, (86-2754 and 86-2964), are reviewed herein with an appeal from a judgment for arrearages (86-3150). We affirm the judgments, with one exception.
Dorrit first met Henning Jensen while she was living at home with her parents in Denmark. Twenty-one years of age with a high school education, Dorrit asked for time to think it over when Henning, a resident of the Virgin Islands sixteen years her senior and a graduate engineer, proposed marriage. Three years later she was working as a hairdresser and still living at home when he returned to Denmark for her answer, after having opened a furniture business on Biltmore Way in Coral Gables.
On July 16, 1964, three days before their marriage, Dorrit and Henning executed an antenuptial agreement by which each agreed that any property brought to the marriage or acquired during marriage would remain the sole property of the one who earned or acquired it. The writing contained no provision for the wife.
Henning returned to Florida with his bride and, although the business of Jensen & Hansen flourished under their combined efforts, the marriage was often stormy due to Henning's problem with alcohol. At one point, after being chased by her husband with a knife, Mrs. Jensen prepared to file for divorce but agreed to reconcile if Henning *1300 would enter an alcohol treatment program and would terminate the antenuptial agreement. He agreed and proceeded to tear up a copy of the agreement while renouncing its terms. Relying upon his words and actions, Mrs. Jensen resumed their marital relationship.
Soon after completing the agreed upon treatment program, Henning Jensen resumed his old drinking habits and his abusive behavior towards the family, which by now included two daughters. On October 1, 1984 Dorrit Jensen filed a petition for dissolution of marriage but it was not until November 4, 1986 that a final judgment of dissolution was recorded.
By its findings, the court declared the antenuptial agreement invalid and of no force and effect. As lump sum alimony, Mrs. Jensen was awarded the marital residence, the realty on Biltmore Way leased to Jensen & Hansen, the sum of three hundred thousand dollars, (with annual payments over a fifteen year period), and title to her automobile. The court reserved jurisdiction as to the disposition of $140,000 in silver and the wife's claim for attorney's fees and costs. To effectuate its order, the court stated that the judgment constituted a lien against Henning Jensen's individual assets and funds until the lump sum alimony obligation was paid in full. Further, "In the event that the husband shall die prior to the satisfaction of this obligation, same shall constitute a charge against the husband's estate and all assets thereof." The judgment left the parties in equitable positions but Henning Jensen filed a notice of appeal. Shortly thereafter, weakened by years of alcohol abuse, Henning died. His estate, through its personal representative, became a substitute party on appeal. On December 17, 1986 a judgment for arrearages was entered against the estate by the trial court.
Appellant first contends it was error not to uphold the premarital agreement executed in Denmark. However, the trial court's determination that Florida law applies to the issue of enforceability of the antenuptial agreement was correct. A principle of the choice-of-laws doctrine applicable herein presumes that, where a party seeking to rely upon foreign law fails to demonstrate that the foreign law is different from the law of Florida, the law is the same as Florida. Collins v. Collins, 160 Fla. 732, 36 So.2d 417 (1948); Coyne v. Coyne, 325 So.2d 407 (Fla. 3d DCA), cert. denied, 339 So.2d 1168 (Fla. 1976); Morin v. Morin, 466 So.2d 1255 (Fla. 2d DCA 1985). Henning Jensen failed to establish that the law of Denmark permits the enforcement of antenuptial agreements with neither fair provision for the wife nor disclosure of the husband's assets and liabilities.
It should be remembered that the laws of other nations are enforced by Florida courts only to the extent called for under principles of comity. Where the foreign sovereign has no significant interest in the issue being adjudicated, there is no basis for the invocation of comity. The Florida Supreme Court has expressly held that the principles of comity will not apply where the state in which the contract in dispute was entered into has little or no interest in the matter or controversy. Gillen v. United Services Auto. Ass'n, 300 So.2d 3 (Fla. 1974). Nor will comity be recognized where to do so would bring harm to a Florida citizen or would frustrate an established public policy of this state. 10 Fla.Jur.2d, Conflict of Laws §§ 3, 4, 14 (1979). Here, where testimony established that under Danish law a husband's domicile determines the validity of an antenuptial agreement, comity is inapplicable since the husband was domiciled in Florida at the time of the making of the agreement and Florida was the intended marital home of the couple.
In Florida, an antenuptial agreement may be abandoned by mutual consent without consideration, as was done in McMullen v. McMullen, 185 So.2d 191 (Fla. 2d DCA 1966), which held:
Such contracts are contractual in nature and should be construed as other types *1301 of contracts... . The abandonment of a contract may be effected by the acts of one of the parties thereto where the acts of that party are inconsistent with the existence of the contract and are acquiesced in by the other party. This is tantamount to a rescission of the contract by mutual assent. McMullen, 185 So.2d at 193.
Henning testified that when he tore up a copy of the antenuptial agreement he believed it to be the original and intended its terms to be of no further force and effect. Thus, by act and intent, Henning Jensen abandoned the agreement, rendering it void. Parties to written agreement may by their actions indicate abandonment of its terms. Sinclair Refining Co. v. Butler, 172 So.2d 499 (Fla. 3d DCA 1965). A contract may be abandoned by the parties, and once abandoned, it may not be specifically enforced. Boswell v. Dickinson, 300 So.2d 61 (Fla. 1st DCA 1974).
Although conceding that an additional witness was not listed in timely compliance with the trial court's order, appellant nevertheless contends it was error to refuse to allow the witness's testimony as an expert or in rebuttal. We find the trial court properly excluded the testimony of this undisclosed witness. Irremedial prejudice could have befallen Mrs. Jensen's cause had the court not exercised its discretionary power. While a hastily scheduled deposing of the husband's surprise expert may have been possible, the time frame for assimilation and analyzation of refuting testimony and documents was too highly compressed to allow the wife a fair presentation. The Florida Supreme Court has expressly disapproved the proposition that impeachment witnesses need not be listed in advance of trial. Binger v. King Pest Control, 401 So.2d 1310 (Fla. 1981). In Binger, the court held that "a trial court can properly exclude the testimony of a witness whose name has not been disclosed in accordance with a pretrial order ... [where] use of the undisclosed witness will prejudice the objecting party." Binger v. King Pest Control, 401 So.2d at 1313-1314.
Despite appellant's allegation that the final judgment of dissolution substantially endangered his economic status, it is apparent that the trial court used great care in fashioning this award. As is always the case in an appeal from an adjudication of property rights in a dissolution action, the trial court's decision is cloaked in "a presumption of correctness, and appellant's burden is to show that the judgment was clearly erroneous." Meyer v. Meyer, 328 So.2d 531, 532 (Fla. 3d DCA 1976), cert. denied, 344 So.2d 325 (Fla. 1977). Viewing the evidence concerning the parties' earnings and the valuation of the property awarded in the light most favorable to Mrs. Jensen, Mr. Jensen was neither "short-changed" by the final judgment of dissolution nor did he "pass from prosperity to misfortune." While the total amount of lump sum alimony and property Dorrit Jensen received under the final judgment was equitable, it was considerably less than the retained assets awarded Henning. The harm which the law protects against in the review of such awards is the harm of inequitable economic hardship occasioned by a party to the marriage. See, e.g., Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985). No equities in favor of Henning Jensen have been presented which warrant a change in the trial court's distribution.
However, it was error on the trial court's part to reserve jurisdiction over the proposed award of Mrs. Jensen's attorney fees. Where the parties were left in equitable positions following dissolution, and there was no showing that such reservation would not result in prejudice, each party should assume responsibility for the fees incurred while pleading his or her cause. Seitz v. Seitz, 471 So.2d 612 (Fla. 3d DCA 1985); Arsht v. Arsht, 467 So.2d 421 (Fla. 3d DCA 1985); Golden v. Golden, 410 So.2d 945 (Fla. 3d DCA), review denied, 419 So.2d 1197 (Fla. 1982).
Contrary to appellant's contention, the trial court was not divested of jurisdiction *1302 in the dissolution cause by the probate proceedings where the issue under consideration pertained to a judgment for arrearages in back alimony. Blocker v. Ferguson, 47 So.2d 694 (Fla. 1950).
We are of the view that the chancellor did not commit error in refusing to grant the motion to dismiss the petition. It is well settled that so long as past-due installments of alimony under a valid decree remain unsatisfied they constitute vested property rights, Van Loon v. Van Loon, 132 Fla. 535, 182 So. 205 (1938), which are enforceable against the estate of the deceased husband in the manner and by the method provided by law for the enforcement of any other claim or demand against the estate of a decedent. Fields v. Fields, 140 Fla. 269, 191 So. 512 (1939). And where payment of such a properly filed claim in the probate court is refused or disputed by the personal representative, the claimant has her remedy by bringing in the personal representative as a party to a supplementary proceeding brought for the purpose of adjudicating the validity of the demand, filed in the original suit in which the alimony decree was rendered.
Blocker v. Ferguson, 47 So.2d at 697.
The rules stated circumscribe the facts of this cause for within the time prescribed by law Mrs. Jensen filed a claim against the estate of the decedent in the amount of $5,000 for the past-due November 1986 alimony payment. The personal representative of the estate refused to pay the claim or recognize it as valid. The judgment was properly entered.
The judgments reviewed in this opinion are affirmed, with the exception of that portion reserving jurisdiction of award for the wife's attorney fees, which is reversed.
Affirmed in part, reversed in part.