# IN RE: THE MARRIAGE OF ROTH

## Case No. 88-821-F.S.

Nineteenth Judicial Circuit, Martin County

October 3, 2989

### APPEARANCES OF COUNSEL

**Martin L. Haines, III.,** for Petitioner/Wife.
**Charles E. Steinberg,** for Respondent/Husband.

### OPINION OF THE COURT

JOHN EMMETT FENNELLY, Circuit Judge.

### *DECISION AND ORDER*

This case presents significant issues concerning conflicts of law in the area of Pre-Nuptial Agreements. The parties, prior to their marriage on July 10, 1982, executed a Pre-Nuptial Agreement. The record reflects that the Husband, who had just concluded an acrimonious divorce from his first Wife, wanted to protect his assets. He, therefore, with assistance of counsel, had a Pre-Nuptial Agreement prepared. The Wife, who did not have independent counsel, although angry and upset about this Agreement, signed it without duress. The Pre-Nuptial Agreement contained a reasonably comprehensive listing of the Husband's assets. The evidence would also support a conclusion that the Pre-Nuptial Agreement was a source of friction throughout the marriage. After marriage in 1982, the parties established a residence in

Florida. The evidence would clearly support a conclusion that the parties' contacts with the State of Florida are significant and include ownership of real property, maintenance of a marital domicile and virtual full-time residence in this State. Against this factual backdrop the Court, at the threshold, must determine if validity of the Pre-Nuptial Agreement should be determined by applying Pennsylvania or Florida law, as expressed in *DelVecchio v DelVecchio,* 143 So.2d 17 (Fla. 1962) and its progeny.

It should be noted at the outset that the parties (1) have invoked the jurisdiction of Florida Courts, (2) are bona fide residents of Florida, (3) have maintained Florida residence for a significant period of time, (4) own real property in this State which will be effected by this Judgment; and (5) have little or no contact with Pennsylvania at this juncture. It cannot, of course, be denied that the Agreement at issue was drafted in Pennsylvania by a Pennsylvania attorney and that the Fial Judgment will have a significant impact on property situated in Pennsylvania. However, for reasons to be discussed subsequently, the Court holds that the validity of the Pre-Nuptial Agreement must be determined by the application of Florida law.

As the 3rd District noted in *Gustafson v Jensen,* 515 So.2d 1298 (Fla. 1987) that principles of comity will not apply when the "foreign sovereign has little or no interest in the matter in controversy" *(Jensen* at pg. 1300). *Jensen,* of course, involved a Danish Pre-Nuptial Agreement but the reasoning employed appears applicable to the present case. This conclusion appears more compelling in light of the case conclusion reached in the 2nd District case of *In Re: The Adoption of CLW,* 467 So.2d 1105. As in *CLW,* the parties intended, upon the Husband's retirement, to spend a significant amount of time in Florida. As in *CLW,* Florida, as the forum State, would generally apply its law in granting the dissolution. Thus, if the Court was to apply Pennsylvania law to the property aspects, it would result in two different States laws applying to different portion of the same dissolution. In addition, sound policy considerations appear to dictate a Florida choice of law result. In view of the influx of retirees and transient nature of present-day Florida, a contrary result would place upon Florida Courts the task of construing the laws of many States on a routine basis. The Court notes, parenthetically that, in this case, based on Pennsylvania cases submitted, the law of Pennsylvania on this issue is evolving and unsettled. Florida law, on the other hand, applies a bright-line test, based on *DelVecchio,* noted supra. Based on the foregoing analysis, the Court determines that Florida law will be utilized in determining the validity of the Pre-Nuptial Agreement.

In Florida, valid Pre-Nuptial Agreements are enforceable and no per se void on Public Policy Grounds. *Posner v Posner,* 233 So.2d 381. Florida Courts, in determining the validity of a Pre-Nuptial Agreement, have historically employed a test first developed in *DelVecchio,* previously noted. The Court must first determine if the Agreement makes fair and adequate provision for each spouse. Based on the evidence as a whole, it is apparent that this Agreement does not make adequate provision for the Wife and is disproportionate to the means of the Husband. Based on the foregoing, therefore a presumption arises that there was concealment or lack of knowledge of the Husband's assets. The evidence reveals the Wife, in this case, was fully aware of the Husband's assets. This conclusion is based on the financial disclosure made by the Husband and the evidence at trial that the Wife had a general and approximate knowledge of the character and extent of her Husband's property. *Cladis v Cladis,* 512 So.2d 471 (Fla. 4th DCA 1987). As Judge Walden noted "the fact that one party to the Agreement made a bad bargain is not a sufficient ground . . . to vacate or modify a settlement agreement." *Cladis* at pg. 274). In the present case, there is no evidence of duress or coercion and the Husband has demonstrated, on the credible evidence, that the Wife had both a full, frank disclosure *and* a general and approximate knowledge of the extent of her Husband's property. *O'Connor v O'Connor,* 435 So.2d 344 (Fla. 1st DCA 1983). The Agreement will, therefore, be fully enforceable in these proceedings. The Court, therefore, in the Wife the sum of $80,500.00, representing one-half the value of the Erie condominium, one-half of the net proceeds received from the sale of the Sandpebble condominium, and one-half of the value of the Mariner Sands County Club certificate.

The Court will award fees and costs to the Wife. The Court will award costs in the amount of $9,361.36 for the services of Mr. Briscoe and the other costs of this action. The Court further finds that the attorneys for the Wife expended a total of 120.60 hours exclusive of trial time and requests the parties submit Memoranda to the Court on the issue of an appropriate hourly rate. Said Memoranda to be submitted within twenty (20) days of this Order. Paralegal fees are set at $4,720.00.

Counsel for the Husband is directed to prepare a Final Judgment consistent with the factual and legal conclusions of this Order. The Court retains jurisdiction of this Cause to enforce the terms and conditions of this Order.

DONE AND ORDERED, in Chambers, in Stuart, Martin County, Florida, this 3rd day of October, 1989.