GERSTEN, Judge.
This is an appeal from (1) a post-dissolution order awarding personal property, and, (2) a probate order approving a claim for the award of the same personal property. These orders provided the former wife with assets to pay her attorney fees in the original dissolution proceeding. We reverse.
A brief history of the original dissolution judgment is necessary to place this appeal in context. Henning Jensen, the former husband, appealed the final order of dissolution of marriage and, shortly thereafter, died. His estate, through its personal representative, became a substituted party on appeal.
The final judgment of dissolution of marriage, after dividing up all of the Jensen’s property, provided as follows:
8. This Court hereby reserves jurisdiction as to the disposition of the above-referenced silver in the approximate amount of One Hundred Forty Thousand ($140,-000.00) Dollars.
9. The Court hereby further reserves jurisdiction respecting the Wife’s claim for attorneys’ fees and costs.
Subsequently, this court rendered its decision in Gustafson v. Jensen, 515 So.2d 1298 (Fla. 3d DCA 1987). On appeal, we affirmed the final judgment of dissolution except for the trial court’s reservation of jurisdiction to award attorney fees to the wife. On the subject of attorney fees, this court clearly stated:
[I]t was error on the trial court’s part to reserve jurisdiction over the proposed award of Mrs. Jensen’s attorney fees. Where the parties were left in equitable positions following dissolution, and there was no showing that such reservation would not result in prejudice, each party should assume responsibility for the fees incurred while pleading his or her cause.
Gustafson v. Jensen, 515 So.2d at 1301.
The epicenter of this appeal, again brought by the husband’s estate, is what the trial court did after receipt of our decision, by ordering the award of $103,000.00 in silver bullion to the wife. The black and white of the transcript is so clear, so elucidating in regard to the trial court’s reasoning, that there are no shadows to obfuscate the trial court’s intent. The trial court stated:
THE COURT ... This is the hearing on fees. This is the Court.
“I said, no, I’m not going to give you the silver, because that’s the only liquid asset to pay attorneys fees.”
That’s what I had in mind.
[[Image here]]
*1144 I did intend to have him use that silver, because that’s the only liquid he had. I didn’t want him to mortgage it or sell it in order to pay attorneys fees, so I said I’m reserving jurisdiction, keep that silver, you are going to use that to pay attorneys fees when we make the determination how much the fees are.
If it was otherwise, if I thought that both parties should pay their own fees, I probably would have divided it up differently.
[[Image here]]
I’m going to do what I originally intended to do.
[[Image here]]
MR. VINING: The judgment says 140, approximately.
THE COURT: It was an approximation. And my thinking at that time was that he keep that and pay Mrs. Jensen’s fee and whatever other fees he might have of his own, and that’s the reason I said, all right, hold onto that $140,000. So, I think, at least to the extent of the fee that I awarded — of course, the silver is gone now — but that should at least be paid over to Mrs. Jensen.
MR. WASSON: Your Honor, the attorneys fees is $103,000.
THE COURT: Okay, I think that sum should be paid over to Mrs. Jensen.
MR. VINING: Your [sic] understand what Your Honor is doing? You are smiling in the face of the Court, because the District Court says no fee awards. She’s got plenty of money and Your Hon- or is doing indirectly what the District Court indicated should not be done.
THE COURT: I think this Court knew what I intended. I am telling them on the record what I intended. I don’t know if it’s clear.
MR. VINING: I won’t quarrel with that statement. I think it wasn’t clear, that’s why we are arguing it.
THE COURT: I want to make it as clear. as possible on this record now, what I intended to do.
MR. VINING: So rather than divide it, Your Honor is going to award $103,000 out of the silver?
THE COURT: Yes, because it was intended for that to be utilized for her attorneys fees.
MR. VINING: With the reservation of the decision, do what the District Court has told you not to do and give her $100,000 to pay her fees; is that what you are doing?
THE COURT: Either that or give her the whole $140,000.
Thereafter, the trial court awarded the wife $103,000.00 in silver bullion. This amount was exactly the same amount the trial court had concluded the wife was entitled to in attorney’s fees. The issue of the wife’s entitlement to attorney’s fees was settled by this court in Gustafson v. Jensen, 515 So.2d at 1301. It is axiomatic that a trial court lacks .the power to deviate from the terms of an appellate mandate. Brunner Enterprises, Inc. v. Department of Revenue, 452 So.2d 550 (Fla.1984); Milton v. Keith, 503 So.2d 1312 (Fla. 3d DCA 1987); Wood v. Manatee Bay Corporation, 386 So.2d 320 (Fla. 2d DCA 1980). Therefore the trial court erred in substituting its judgment for the judgment of this court. Reversed.
NESBITT, J., concurs.