BASKIN, Judge
(dissenting).
Initially, the trial court reserved jurisdiction to decide the wife’s claim for attorney’s fees. We decided that was error. Gustafson v. Jensen, 515 So.2d 1298 (Fla. 3d DCA 1987). The trial court also reserved jurisdiction over $140,000. On remand, the court awarded $103,000 of that amount to the wife. That ruling correctly interpreted our mandate.
I disagree with the majority view that the trial court failed to follow our mandate. Trial courts are presumed to obey the law; their rulings are clothed with a presumption of correctness. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979). There is no clearer indication of a trial court’s purpose than its own statement of what it seeks to accomplish. Following our remand, the trial court stated that it had withheld the $103,000 in silver *1145 bullion, the only liquid asset, to insure that the husband did not dissipate or spend the funds and that the money “should at least be paid to Mrs. Jensen,” if it could not go to her attorney. The court stated:
... I intended at the time to divide everything as equally and equitably as I could, but allowing him to retain enough to pay attorneys fees and, therefore, if he was not to pay fees, I would have divided it differently. It just seems to be unfair to do otherwise.
The majority opinion creates an inequitable scenario. When the court reserved jurisdiction over funds in order to award Mrs. Jensen attorney’s fees, it did not distribute $140,000 worth of silver. Ordinarily, the trial court would have made an equitable distribution of that sum within the exercise of its discretion. When the cause was remanded to the trial court following our mandate, the trial court decided that because our mandate precluded attorney’s fees, it would award the reserved sum to Mrs. Jensen for her own use. The majority, however, gives it all to the husband.
The majority has overlooked the fact that the trial court never intended the entire amount reserved to be a windfall to Mr. Jensen or his estate.[1] In fact, the trial court indicated it considered awarding the wife the larger sum of $140,000 instead of the $103,000 it finally awarded. The issue before us in this appeal is whether the trial court followed our mandate at the April 27, 1988 hearing conducted after remand. The trial court complied fully — it awarded undistributed funds to Mrs. Jensen instead of to her attorneys.
This court may not substitute its judgment or close its eyes to the inequity its ruling creates. I would affirm.

. The estate did not file a claim for the $140,000 over which the court retained jurisdiction.