561 So.2d 603 (1990)
Benjamin GORDON, Appellant,
v.
Howard RUSSELL and Leonard Russell, As Personal Representatives of the Estate of Anne Gordon, and Barbara Russell, Individually, Appellees.
No. 89-1255.
District Court of Appeal of Florida, Third District.
April 10, 1990.
Rehearing Denied June 22, 1990.
*604 Heinrich, Gordon, Batchelder, Hargrove, Weihe & Gent and John R. Hargrove, Ft. Lauderdale, for appellant.
Green, Kahn & Piotrkowski and Joel S. Piotrkowski; Cypen & Cypen, Miami Beach, for appellees.
Before HUBBART, COPE and LEVY, JJ.
COPE, Judge.
Appellant Benjamin Gordon seeks review of a summary final judgment upholding, under Florida law, a prenuptial agreement entered into in New Jersey in which Gordon waived any interest in the estate of his late wife, Anne Gordon.
First, we conclude that the trial court did not abuse its discretion in concluding that the prenuptial agreement at issue here fell within the parameters of Gillen v. United Services Automobile Association, 300 So.2d 3 (Fla. 1974) and Gustafson v. Jensen, 515 So.2d 1298 (Fla. 3d DCA 1987) and was therefore governed by the law of Florida, notwithstanding that the prenuptial agreement was signed in New Jersey. While we acknowledge that the Florida Supreme Court has recently reaffirmed its adherence to the doctrine of lex loci contractus, Sturiano v. Brooks, 523 So.2d 1126, 1129-30 (Fla. 1988), we find no indication that the court intended to overrule its earlier decision in Gillen. The facts involved in the instant case are closely analogous, in our view, to those involved in Gillen. See also Gustafson, 515 So.2d at 1300. Under Florida law the agreement is valid, regardless of the nature or extent of the premarital disclosure of assets. See § 732.702(2), Fla. Stat. (1989).
Second, the New Jersey cases relied on by appellant require asset disclosure prior to entry into a prenuptial agreement, as a condition to enforcing the agreement in a matrimonial context. See DeLorean v. DeLorean, 211 N.J. Super. 432, 511 A.2d 1257 (Ch.Div. 1986); D'Onofrio v. D'Onofrio, 200 N.J. Super. 361, 491 A.2d 752 (App. Div. 1985); Marschall v. Marschall, 195 N.J. Super. 16, 477 A.2d 833 (Ch.Div. 1984). Assuming arguendo that in 1980, at the time the instant prenuptial agreement was entered into, New Jersey law required full asset disclosure as a condition to enforcement in a probate context, we think those requirements were met. Here, Anne Gordon disclosed that her assets had a value in excess of three million dollars. Appellant represented that he had assets in excess of $200,000. Both represented that they had sufficient assets to provide for their respective lifetime security without contribution from the other party, and expressly "waive[d] any right to a more complete disclosure of the other party's assets." The three million dollar amount disclosed by Anne Gordon is extremely close to the asset amount reflected in the probate proceeding, and the appellant seeks $1,500,000.00, representing exactly one-half of the amount disclosed.
We are unable to perceive that the appellant has been misled in any fashion. The aggregate asset disclosure was extremely accurate and appellant expressly waived any right to a more detailed accounting. On these facts it is our conclusion that relief would be denied under the law of New Jersey as well as the law of Florida.
Affirmed.