PER CURIAM.
Metropolitan Dade County appeals from a final judgment entered on a jury verdict holding the County liable to Abraham Sper-ling for damages of $100,000. We affirm.
Eighty-year-old Abraham Sperling fell while riding in a Metro-Dade County bus. Treatment for the injuries he incurred cost over $40,000. Sperling sued Dade County for negligence, claiming that the bus driver proceeded from the bus stop before Sper-ling had an opportunity to sit down. The trial court initially set the case for jury trial during the two-week period beginning June 25, 1990. The uniform order setting the cause for trial required that a list of all witnesses be provided to opposing counsel no later than forty-five days before the *210 Monday of the trial period.[1] The order also required that all discovery was to be completed at least fifteen days before the trial period.[2]
Following a series of motions, the case was reset for jury trial for the calendar beginning November 12, 1990. The new order setting the cause for jury trial contained the identical language of the first order. Approximately a month before the trial date, the County moved for a continuance, claiming that its one expert would be out of town during the set trial period. The trial court continued the case until the jury calendar of April 29, 1991. The order of continuance specifically stated that “[a]ll pretrial instructions remain in full force and effect.”
On April 9, 1991, twenty-five days after the ordered deadline for listing witnesses, Dade County amended its pretrial catalog to include Dr. Charles Kurucz as an expert witness. The following day, Sperling’s counsel filed a motion to strike the additional witness based on the uniform order. The County then made an ore tenus motion for continuance, supposedly to provide Sperling an opportunity to depose Dr. Ku-rucz. The court denied the continuance and reserved ruling on the motion to strike. Dr. Kurucz gave a sworn statement on May 1, 1991, two days after the trial period began and only five days before the actual trial.
At trial, the County made an ore tenus motion to allow Dr. Kurucz to testify. The court denied the County’s motion and granted Sperling’s earlier motion to strike because of the “obvious prejudice” that would occur by allowing the late-noticed Dr. Kurucz to testify.[3] The jury returned a $200,000 verdict reduced by a finding of 50% comparative negligence on the part of Sperling. This appeal followed.
Dade County argues that the trial court erred in excluding Dr. Kurucz’s testimony. We disagree. The Florida Supreme Court has held that “a trial court can properly exclude the testimony of a witness whose name has not been disclosed in accordance with a pretrial order ... [when] use of the undisclosed witness will prejudice the objecting party.” Binger v. King Pest Control, 401 So.2d 1310, 1313-1314 (Fla.1981). In this case, the trial court specifically found that Sperling would be prejudiced by the late addition of Dr. Kurucz as a witness and, therefore, correctly excluded his testimony.
In addition, the County claims that any prejudice that might have befallen Sperling could have been cured by deposing Dr. Kurucz prior to trial. Although a deposition might have been possible, Sperling’s counsel would not have had adequate time to prepare.[4] See Gustafson v. Jensen, 515 So.2d 1298, 1301 (Fla. 3d DCA 1987) (“While a hastily scheduled deposing of the husband’s surprise expert may have been possible, the time frame for assimilation and analyzation of refuting testimony and *211 documents was too highly compressed to allow the wife a fair presentation.”).
The order in this case specifically excluded testimony of witnesses not listed at least forty-five days before the set trial period. This was the third time that the case was set for trial.[5] There was evidently ample opportunity for this witness to have been listed within the ordered time frame. Accordingly, we find that the trial court correctly excluded the testimony of the late noticed witness.[6] See Binger v. King Pest Control, 401 So.2d at 1314 (compliance with pretrial order directing disclosure of witnesses eliminates surprise and avoids trial by “ambush”).
Affirmed.

. The uniform order provides:
2. The following shall be done no later than forty-five (45) days prior to the Monday of the trial period set forth above: (Emphasis in original.)
(a) Parties shall furnish opposing counsel with a written list containing the names and addresses of all witnesses (impeachment, rebuttal or otherwise) Atended to be called at trial and only those witnesses listed shall be permitted to testify; ... Each party is limited to one expert per specialty. No other expert testimony shall be permitted at trial....
(Emphasis added.)

. The uniform order further provides that:
3. The following shall be done at least fifteen (15) days prior to the Monday of the trial period set forth above:
(a) All pre-trial motions, depositions, noticed for use at trial and/or discovery matters or proceedings related thereto shall have been completed. Counsel are admonished to undertake, initiate and/or complete all discovery in such a manner as to comply with the time limitations set forth herein. No further discovery procedures or depositions of testimony shall be allowed without specific leave of Court or court approved written agreement of counsel. (Emphasis added.)

. Prior to trial the County noticed two witnesses late. However, this appeal concerns only the testimony of Dr. Kurucz.

. The deposition of Dr. Kurucz was set by Dade County for May 2, 1991, two days after the start of the trial period and only four days before the actual start of trial.

. The Binger court stated that:
Local customs regarding pretrial disclosure of witnesses vary throughout the circuits in Florida, and these variations can and should con-tinue_ In some circuits the pretrial disclosure order not only directs that witnesses names be exchanged, but expressly prevents the testimony of any witness not identified within a certain period of time.... These local variations ... in no way derogate from our decision....
id. at 1314. Cf. Mall Motel Corp. v. Wayside Restaurants, Inc., 377 So.2d 41 (Fla. 3d DCA 1979) (trial court has no authority to exclude witness from testifying at trial for failure of party calling witness to list name on pretrial catalog when the listing of such witness was not specifically required by pretrial discovery order of court).

. We find no merit in the other issues raised on appeal.