COHEN, J.
Andrew Lamb (“Former Husband”) appeals a final judgment dissolving his marriage to Roxanna Lamb (“Former Wife”). We reverse and remand for a new trial.
Prior to being married in Scotland, the parties entered into a “Minute of Agreement,” Scotland’s equivalent of an ante-nuptial agreement. This was Former Wife’s fourth marriage; Former Husband’s first. As acknowledged by the parties, that agreement contained a choice-of- ■ law provision selecting Scottish law.
The parties lived together in Florida, but Former Wife filed for divorce after eighteen months of marriage. Thereafter, they entered into a postnuptial agreement under which Former Husband would give Former Wife money to purchase a new home and for cosmetic surgery. The agreement also distributed personal property and family pets.
In the dissolution action, Former Wife disavowed both the antenuptial and post-nuptial agreements, claiming both were entered into improperly. When Former Husband failed to attend a pretrial conference and to comply with prior court orders, she filed a motion for contempt, requesting — among other relief — that the court strike his pleadings. The trial court granted that request, striking the entirety of Former Husband’s pleadings.[1] In this posture, the case proceeded to trial. What makes this case unusual is that, in the final judgment of dissolution of marriage, the trial court acknowledged that its decision to strike Former Husband’s pleadings constituted an abuse of discretion.
On appeal, Former Husband argues that the trial court erred in striking his pleadings and in setting aside both the antenuptial and postnuptial agreements. Despite the trial court’s own acknowledgment that it abused its discretion, Former Wife continues to defend the propriety of the order striking Former Husband’s pleadings.
That order was clearly deficient because it did not contain the required findings that Former Husband’s conduct was willful or deliberate. See Surf Tech Int'l, Inc. v. Rutter, 785 So.2d 1280, 1283 (Fla. 5th DCA 2001); see also Commonwealth Fed. Sav. & Loan Ass’n v. Tubero, 569 So.2d 1271, 1273 (Fla.1990). Although the judge attempted to make amends in the final judgment by reinstating Former ' Husband’s pleadings, that was an insufficient cure.
Former Husband’s right to procedural due process had been violated. The Florida Constitution provides that “no person shall be deprived of life, liberty or property without due process of law.” Art. 1, § 9, Fla. Const. Procedural due process guarantees every person the right to fair and impartial treatment throughout the administration of justice. Dep’t of Law Enforcement v. Real Prop., 588 So.2d 957, 960 (Fla.1991). It also guarantees a defendant fair notice and a meaningful opportunity to be heard before judgment is rendered. J.B. v. Fla. Dept. of Children & Family Servs., 768 So.2d 1060, 1066-68 (Fla.2000). Here, changing the rules after trial deprived Former Husband of any real opportunity to be heard. This lack of due process compels us to remand the case for a new trial.
Because the case needs to be retried, we also note that the trial court erred in two *467 other respects. First, the court applied the wrong law; second, it failed to allocate certain monies.
Both parties agree that the antenuptial agreement contained a choice-of-law provision. Former Wife sought to set aside that agreement, but only on the ground that Former Husband failed to properly disclose his financial situation before they entered into the agreement.
When determining whether to apply Florida law or foreign law to a contract, a court must first apply Florida’s choice-of-law rules. In re Estate of Nicole Santos, 648 So.2d 277, 280 (Fla. 4th DCA 1995). Generally, Florida courts enforce contractual choice-of-law provisions unless enforcing the chosen forum’s law would contravene strong Florida public policy. See Mazzoni Farms, Inc. v. El DuPont De Nemours & Co., 761 So.2d 806, 311 (Fla. 2000); see also State Farm Mut. Auto. Ins. Co. v. Roach, 945 So.2d 1160, 1164-65 (Fla.2006); McNamara v. McNamara, 40 So.3d 78, 80 (Fla. 5th DCA 2010).[2] The party seeking to avoid enforcement of the choice-of-law provision has the burden of demonstrating that the foreign law contravenes public policy. Mazzoni, 761 So.2d at 311.
Here, the trial court found that “[Former Husband] did not meet his burden under the choice of law doctrine” to apply Scottish law, and went on to apply Florida law. This was error.[3] In finding that Former Husband “did not meet his burden,” the trial court improperly shifted the burden of proof.
Lastly, Former Wife acknowledges that Former Husband gave her $70,000 subsequent to signing the postnuptial agreement. The parties disputed whether that payment was made pursuant to that agreement. In any event, the final judgment did not provide for any allocation of those monies.
REVERSED and REMANDED.
SAWAYA and WALLIS, JJ., concur.

. During the pendency of the proceedings, Former Husband was working in thé Middle East.

. Notably, in her motion to set aside the ante-nuptial agreement, Former Wife did not allege that Scottish law contravened Florida public policy.

. The court’s reliance on Gustafson v. Jensen, 515 So.2d 1298 (Fla. 3d DCA 1987), was misplaced, as Gustafson did not involve a choice-of-law provision. See Mazzoni, 761 So.2d at 311-12.