IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

OSHRI GAL,

       Appellant,

 v.                                    Case No.  5D17-955

HELLA AYELET GAL,

       Appellee.

_____/

Opinion filed February 2, 2018

Non-Final Appeal from the Circuit Court
for Brevard County,
Jennifer Opel Taylor, Judge.

Richard J. Feinberg, of Law Office of
Richard J Feinberg, Indialantic, and
Alan Landman, Melbourne, for
Appellant.

Joe Teague Caruso, of Caruso,
Swerbilow & Wald, P.A., Merritt Island,
for Appellee.


WALLIS, J.

      Oshri Gal ("Former Husband") appeals the trial court's interlocutory order setting

aside his premarital agreement with Hella Ayelet Gal ("Former Wife") and denying his

motion for partial summary judgment, which sought enforcement of the agreement in their

dissolution proceedings. Because the trial court improperly disregarded the agreement's

choice of law provision, requiring application of Israeli law, we reverse and remand for further proceedings.

The parties married on July 28, 2011, in Israel, three days after signing a premarital agreement prepared by Former Husband's attorney. The agreement included a provision stating that Israel's "Spouses Property Relations Law" would govern. In 2015, Former Husband filed a petition for dissolution and moved for partial summary judgment in Florida, requesting the court to adopt and ratify the premarital agreement. Former Wife then moved to set aside the premarital agreement as unconscionable. After a hearing on the parties' motions, the trial court entered a thorough omnibus order denying Former Husband's motion and granting Former Wife's. The court's order stated: "Neither party has sought to challenge the Agreement in Israel, rather all pleadings have been filed in Florida. The Court is applying the law of the state of Florida." The order provided no other analysis concerning the choice-of-law provision and set aside the premarital agreement as unconscionable under Florida law.

Because the parties did not transcribe the hearing below, this court's review is limited to errors present on the face of the order. See Wilcox v. Munoz, 35 So. 3d 136, 139 (Fla. 2d DCA 2010). "The party seeking to avoid enforcement of the choice-of-law provision has the burden of demonstrating that the foreign law contravenes public policy." Lamb v. Lamb, 154 So. 3d 465, 467 (Fla. 5th DCA 2015) (citing Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co., 761 So. 2d 306, 311 (Fla. 2000)). "Generally, Florida courts enforce contractual choice-of-law provisions unless enforcing the chosen forum's law would contravene strong Florida public policy." Id. Here, Former Wife challenged the application of the premarital agreement and may have met her burden of proving its

2

unconscionability under Florida law. However, neither Former Wife's motion nor the trial court's order includes any discussion about whether Israel's law would contravene strong Florida public policy—the preliminary question in the matter. See id. The language of the order indicates that the trial court applied Florida law merely because both parties filed their pleadings in Florida, where they now reside. This analysis fails to consider Florida public policy, relying instead on convenience. Therefore, we reverse and remand for further proceedings consistent with the premarital agreement, without prejudice to future challenges under the appropriate law.

REVERSED and REMANDED.

TORPY and EDWARDS, JJ., concur.