WILLIAM CORNELIUS WHITE AND OTHERS, Substituted as Plaintiffs for Johanna C. White, Deceased, v. STANLEY F. MAZAL.[1]

November 16, 1934.

No. 29,983.

*Herbert H. Hoar,* for appellant.
*Joseph P. O'Hara,* for respondents.

*JULIUS J. OLSON, Justice.*

Defendant has appealed from an order denying his motion for a new trial. After appeal to this court, plaintiff, Johanna C. White, died, and William Cornelius White and others were, on motion duly made in their behalf, substituted as plaintiffs. In this opinion we shall refer to the parties as if no such substitution had been made.

[1]Reported in 257 N. W. 281.

The cause was tried to the court and findings were made upholding plaintiff's claim, to the effect that a certain foreclosure by advertisement of a real estate mortgage was fatally defective. Decision on the merits hinges upon the question of whether the notice of sale was published a sufficient length of time. The facts may be summarized thus: Plaintiff is the owner of an 80-acre farm in McLeod county and has been such over a period of many years. In June, 1927, she executed a mortgage thereon to secure a loan. The mortgage was thereafter assigned to defendant. On August 1, 1932, there being default on the part of plaintiff mortgagor to pay the debt secured thereby, defendant by his attorney caused a notice of mortgage foreclosure sale to be prepared. The date for the proposed sale was set for Friday, September 16, 1932, at 9:15 o'clock a. m. The notice was inserted and published in a qualified newspaper, the *Silver Lake Leader*. The affidavit of publication of the notice of sale states that the paper is "a weekly newspaper, printed and published in the village of Silver Lake, McLeod county, state of Minnesota, on Saturday of each week; * * * That said notice was first inserted, printed and published on Saturday, the 6th day of August, 1932, and was printed and published in said newspaper on each and every Saturday thereafter until and including Saturday the 10th day of September, 1932." Defendant became the purchaser at the foreclosure sale. Plaintiff during all the times herein stated has been and still is in possession of the mortgaged farm. She brought this suit to have the foreclosure set aside on the ground that the notice of sale had not been published a sufficient length of time to meet statutory requirements. 2 Mason Minn. St. 1927, § 9604. The court found:

"Said pretended mortgage foreclosure sale was irregular and void in this, that said publication of said notice of mortgage foreclosure sale was not published for six full weeks before the time of sale, and as shown by the affidavit of the publisher that the first publication was on the 6th day of August, 1932, and the last publication was on the 10th day of September, 1932, and the sale of said premises was held on the 16th day of September, 1932."

524

As conclusions of law the court directed that plaintiff have judgment setting aside the foreclosure sale and the record thereof and enjoining defendant from asserting any claim thereunder. Defendant moved the court for amended findings upon the only fact issue, i. e. the date of publication of the *Silver Lake Leader*. He claims that the paper was in fact published on Friday, August 5, 1932, and on each Friday thereafter until and including Friday, September 9, 1932. The court declined so to find and denied the proposed amendment and also denied defendant's alternative motion for new trial.

■ There was no error assigned in defendant's motion for new trial, nor is any assignment made here. Under these circumstances there is nothing here for review. 2 Mason Minn. St. 1927, § 9327; 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7091; 1 Dunnell, Minn. Dig. (2 ed.) § 358a. Nor does an appeal lie from an order denying a motion for amended findings. 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 309. However, these considerations aside, we think the court correctly disposed of the action on its merits.

■ There is no question but that 2 Mason Minn. St. 1927, § 9604, requires six weeks' published notice. Our decisions so determine. These will be found in 4 Dunnell, Minn. Dig. (2 ed. & Supp.) § 6337, and cases cited. If the evidence sustains the trial court's findings as to the dates when the publications were made, that ends the matter and the order appealed from must be affirmed.

To establish the defense relied upon, defendant called the publisher of the newspaper, who happened to be the same man as the one who made the printer's affidavit attached to and forming part of the foreclosure record. Mr. Merrill testified that the paper was printed on Friday of each week but was dated on Saturday. It was placed in the post office each Friday evening. This was true of the issue dated August 6, 1932, and all subsequent issues thereof. There is no testimony as to what time in the evening the paper was placed in the post office, nor is there any proof that as much as a single copy thereof reached a subscriber prior to Saturday. The paper is a "Saturday publication" and has always been so treated. The witness also stated that he made the affidavit of publication involved in this foreclosure, and he does not seek to destroy nor

limit its effect. The affidavit required by 2 Mason Minn. St. 1927, § 10936, was stated by the witness as showing that the paper was in fact a Saturday publication. The section referred to reads in part as follows:

"Such affidavit must set forth the dates of the month and year and the day of the week upon which such legal or official matter was published in such newspaper."

The entire foreclosure proceedings, consisting of the notice of sale, affidavit of publication, affidavit of service upon occupant, affidavit of costs and disbursements, and sheriff's certificate of sale, were received in evidence as exhibits "A" to "F," inclusive, without objection. These instruments had all been recorded in the office of the register of deeds of McLeod county and constitute the foreclosure sale record. As such these instruments become and are important in the chain of title. Very many titles depend for their validity upon the regularity of statutory foreclosure proceedings of mortgages by advertisement. Such records are important and should not be lightly treated. This is especially true where it is sought to establish that what appears on its face to be an abortive foreclosure is in fact a valid one. No one dealing with this title would fear taking a deed from plaintiff, even if the year for redemption had expired, upon being informed what this foreclosure record contained. Plaintiff could, as she did, remain in possession and proceed with an action to set aside the sale. She could, if she so desired, remain in possession and assert her right against defendant or anyone claiming under him were an attempt made to oust her. On 'this phase of the case see 4 Dunnell, Minn. Dig. (2 ed.) § 6356, and cases cited therein.

Defendant places his sole reliance upon Pratt v. Tinkcom, 21 Minn. 142. In that case the mortgage sought to be foreclosed fell due January 24. The notice of foreclosure sale on March 10 was published for the first time in the edition of a weekly newspaper bearing date January 25. Five-sixths of the copies of the paper were actually published on January 24. The publication in the copies issued on the 25th only constituted approximately one-sixth

of the total issue. It was there held that the foreclosure was premature; that the mortgagor had all of that day (January 24) within which to make good the obligations of his contract. We do not think that case is out of harmony with the result here reached.

At any rate, the facts were such that the trial court was fully justified in reaching the conclusion it did. It follows that the order appealed from should be and is affirmed.