T. M. ERICKSON v. R. C. MATHWIG AND ANOTHER.[1]

April 2, 1948.

No. 34,601.

*A. P. Rickmire,* for appellant.
*Arthur G. Hallgrain,* for respondent.

LORING, CHIEF JUSTICE.

This case is here on appeal from a judgment of the municipal court of Minneapolis in an action brought for alleged fraudulent representation in the sale of a house. The trial resulted in a verdict of $475 for plaintiff against defendant Mathwig. Jurisdiction of defendant Midgarden was never obtained. Mathwig will hereinafter be referred to as the defendant.

1. Defendant has made no assignments of error, so there would be nothing before us for review had not plaintiff as respondent replied to defendant's argument as to whether plaintiff was justified in relying upon defendant's representation that the house which defendant sold to him was all modern and had city water, sewer, and gas connections. In view of such argument by respondent, we have examined the record on that point. White v. Mazal, 192 Minn. 522, 257 N. W. 281; Raymond v. McKenzie, 220 Minn. 234, 19 N. W. (2d) 423.

2. The evidence tends to prove that plaintiff was approached by Mathwig, who was acting as Midgarden's agent relative to the sale of the property involved.

Plaintiff went to the house on two occasions. He testified that both defendants represented to him that it was connected with the city water main and the city sewer; that gas was connected and installed in the house; and that the then rental for the premises was $35 a month. Plaintiff asserted that he relied on these representations and was thereby induced to purchase the premises. The representations, if made, were false.

Defendant denies making the above representations. Whether the representations were made and were relied upon by plaintiff were questions for the jury, and the evidence sufficiently sustains the verdict.

3. It has long been settled in this state that a purchaser can rely on representations relating to a prospective purchase, even though by making an actual inspection of the property, as in Bonness v. Felsing, 97 Minn. 227, 106 N. W. 909, 114 A. S. R. 707, or by consulting the official survey records, as in Porter v. Fletcher, 25 Minn. 493, the true condition of the premises would have been disclosed. In the latter case the court said (25 Minn. 494):

"* * * For although it may be true that the purchasers might, by going to the office of the register of deeds and examining the plat, have ascertained the size and location of the lots, yet we do not think the defendants can impute to them negligence or indiscretion, if, relying on the defendants' representations, they did not deem it necessary to do so."

Since the question whether Mathwig was relieved from liability by the fact that he was acting for a disclosed principal has not been argued by respondent, it is not before us in the absence of an assignment of error, but see 2 Am. Jur., Agency, § 326, note 10; Annotations, 20 A. L. R. 112 and 99 A. L. R. 411; Restatement, Agency, §§ 348, 360.

Judgment affirmed.