## BLACKDUCK STATE BANK v. LAURA E. WICKHAM.

158 N. W. (2d) 243.

April 5, 1968—No. 40,585.

*Whitney E. Tarutis,* for appellant.
*Cann & Schmidt,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Rogosheske, and Peterson, JJ.

PER CURIAM.

This is an appeal from judgment after a directed verdict for plaintiff, and from an order denying defendant's motion for a new trial in a mortgage foreclosure proceeding.

1. The status of defendant's appeal is, at the outset, not free from doubt. So far as appears from the record, judgment was never entered. The motion for a new trial was not properly noticed, although the trial court in denying the motion overruled plaintiff's objection to the motion on that ground. Defendant, finally, made no assignments of error, so plaintiff, relying upon prior pronouncements of this court, declined to join argument on the merits

and filed a brief asserting only that no question was presented for our review.[1]

2. The issue nevertheless can be determined with substantial justice on the merits without reliance upon the procedural defects. Plaintiff initiated foreclosure by action of a chattel mortgage on livestock and farm machinery which defendant made on December 27, 1963. Plaintiff thereafter, as the court could properly find, abandoned that action and proceeded to foreclose under the statute.[2] There is no doubt that defendant was in default in payment under the terms of the promissory note and the chattel mortgage securing the note; there is clear evidence, in addition, that the cattle serving as part of the security were inadequately fed so that the security for the note was being depreciated. Plaintiff additionally commenced an action in replevin and took possession of the mortgaged chattels, the validity of which proceedings is not contested. The defendant asserted a counterclaim against plaintiff for wrongful foreclosure, which was disposed of by directed verdict in the trial court.

The theory of defendant is somewhat obscure but apparently hinges on a claim that the sheriff's sale of the property occurred on March 25, 1965, rather than on March 23, 1965, the latter being the date noticed for the sale. The evidence offered by defendant in support of that allegation was not substantial. Whatever its substance, it appeared to the trial court, as it does to us, that defendant waived any objection she had by participation in the foreclosure sale. It is undisputed that defendant attended the foreclosure sale, and it is undisputed that her minor daughter attended the sale and did purchase some of the chattels, using the greater part of $2,000 sent her, presumably for that purpose, by her maternal grandfather. Defendant disputes the fact of her participation in the sale only to the extent of asserting that such purchases by the daughter were solely on her own account

---

[1] In Country Club Oil Co. v. Lee, 239 Minn. 148, 151, 58 N. W. (2d) 247, 249, this court held: "The rule is well settled that in a civil action where the appellant makes no assignments of error in this court no question is presented to it for review; but notwithstanding the rule, if respondent voluntarily joins in arguing a question argued by appellant, this court will consider it." See, also, Estrada v. Hanson, 215 Minn. 353, 10 N. W. (2d) 223; Erickson v. Mathwig, 226 Minn. 55, 31 N. W. (2d) 918; Kuhlmann v. Educational Publishers, Inc. 245 Minn. 171, 71 N. W. (2d) 889; Cordell v. Chanhassen Auto Body, 269 Minn. 103, 108, 130 N. W. (2d) 362, 366.

[2] First Nat. Bank v. Flynn, 190 Minn. 102, 250 N. W. 806, 92 A.L.R. 1272, stands for the principle that a plaintiff does not make a binding election of remedy by bringing an action against defendant which is abandoned prior to sale by the sheriff.

and not in her mother's interest, an element which, even if it could be believed, would be insufficient to negate defendant's waiver as a matter of law. Her presence, without making objection to the sale, could be considered an acquiescence in the proceedings.

We conclude that the trial court was justified in directing a verdict against defendant and that the irregularities in the proceedings, if any there were, were without prejudice to her substantial rights.

Affirmed.