Dennis M. GALLAHER, Appellant,

v.

William TITLER, Respondent.

No. A11–1338.

Court of Appeals of Minnesota.

April 30, 2012.

Katherine Melander, Stephen F. Buterin, Coleman, Hull & van Vliet, PLLP, Minneapolis, MN, for appellant.

Mark R. Anfinson, Minneapolis, MN, for respondent.

Considered and decided by SCHELLHAS, Presiding Judge; BJORKMAN, Judge; and HUSPENI, Judge.*

## OPINION

SCHELLHAS, Judge.

In this assessment-lien-foreclosure case, appellant property owner argues that an assessment-lien-foreclosure sale is invalid because it occurred before the end of the last day of the six-week notice-of-sale publication period required by Minn.Stat. § 580.03. Because we conclude that the district court properly granted summary judgment to respondent lienholder on the basis that the assessment-lien-foreclosure sale is valid, we affirm. We also conclude that appellant's claim is time-barred under Minn.Stat. § 582.25(3)(a).

## FACTS

Cloud 9 Sky Flats Association (the association) recorded a lien against unit no. 409 in Cloud 9 Sky Flats (the property) because the unit owner, Aurora Loan Services LLC, failed to pay association assessments, late fees, and collection costs. The association foreclosed its assessment lien, publishing notice of an assessment-lien-foreclosure sale in a legal newspaper on December 18, 2008; December 24, 2008; December 31, 2008; January 8, 2009; January 15, 2009; and January 22, 2009. On January 29, 2009, at 10:00 a.m., respondent William Titler purchased the property for $8,223 at a sheriff's sale and recorded the sheriff's certificate of sale that day. Following the sheriff's sale, Aurora had six months within which to redeem the property.

On February 25, 2009, Aurora delivered a limited warranty deed to the property to appellant Dennis Gallaher. Apparently, Gallaher sold the property under a contract for deed to buyers who occupied the property. Neither Gallaher nor the contract-for-deed vendees redeemed the property from the assessment-lien foreclosure.

In January 2010, Titler commenced an eviction action against the contract-for-deed vendees. The district court issued a writ of recovery of premises to Titler. The vendees appealed, and this court affirmed the district court in December

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

2010. *Titler v. Tran,* No. A10–441 (Minn. App. Dec. 9, 2010) (order op.).

On January 12, 2011, Gallaher commenced an action against Titler, challenging the validity of the assessment-lien-foreclosure sale and seeking to quiet title to the property in his name. Both parties moved for summary judgment. Titler argued in part that Gallaher's action to challenge the validity of the assessment-lien-foreclosure sale was time-barred under Minn.Stat. §§ 582.25(3)(a) and 582.27, subd. 1(A) (2010). The district court granted summary judgment to Titler, concluding that the assessment-lien-foreclosure sale is valid and that Titler has "superior right, title and interest to, and is the fee owner of the real property." The court did not reach Titler's argument that Gallaher's challenge to the validity of the assessment-lien-foreclosure sale is time-barred.

This appeal follows.

## ISSUES

I. Did the district court err by concluding that the assessment-lien-foreclosure sale is valid when the sale was held on the 42nd day after the first day of publication of the notice of sale?

II. Is Gallaher's challenge to the validity of the assessment-lien-foreclosure sale time-barred by Minn.Stat. §§ 582.25(3)(a) and 582.27, subd. 1(A)?

## ANALYSIS

### I. Validity of Assessment–Lien–Foreclosure Sale

Gallaher argues that the district court erred by concluding that the foreclosure sale is valid. "We review a district court's summary judgment decision de novo." *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC,* 790 N.W.2d 167, 170 (Minn.2010). "In doing so, we determine whether the district court properly applied the law and whether there are genuine issues of material fact that preclude summary judgment." *Id.*

The material facts are undisputed. The parties dispute the construction of Minn. Stat. § 580.03, which presents a question of law subject to de novo review. *See Eischen Cabinet Co. v. Hildebrandt,* 683 N.W.2d 813, 815 (Minn.2004) (noting that construction of statutes is reviewed de novo). An assessment lien may be foreclosed in the same manner as a mortgage under chapter 580, the foreclosure-by-advertisement statute. Minn.Stat. § 515B.3–116(h)(1) (2010). Under section 580.03, "[s]ix weeks' published notice shall be given that such mortgage will be foreclosed by sale of the mortgaged premises or some part thereof." The six-week-publication period required by section 580.03 must be computed in accordance with Minn.Stat. § 645.15 (2010). *See Kokesh v. City of Hopkins,* 307 Minn. 159, 163, 238 N.W.2d 882, 885 (1976) ("We have previously indicated our intention to apply [Minn.Stat. § 645.15] uniformly to all questions of time computation unless the terms of a statute affirmatively specify another method of computation."); *Worley v. Naylor,* 6 Minn. 192, 199–200, 6 Gil. 123, 126–27 (1861) (computing time under earlier version of section 580.03 [2] by applying earlier statute that contained language equivalent to section 645.15).

Section 645.15 provides in relevant part as follows:

> Where the performance or doing of any act, duty, matter, payment, or thing

---

**2.** The relevant portion of section 580.03 is not substantially different from current version applied in this case.

is ordered or directed, and the period of time or duration for the performance or doing thereof is prescribed and fixed by law, the time ... shall be computed so as to exclude the first and include the last day of the prescribed or fixed period or duration of time.

Minn.Stat. § 645.15.

In *Worley*, an earlier statute governing the publication of legal notices provided that "the time for publication of legal notices must be computed so as to exclude the first day of publication, and to include the day on which the act or event of which notice is given is to happen, or which completes the full period required for publication." 6 Minn. at 199–200, 6 Gil. at 126 (*quoting* p. 630, *Comp. Stat., sec.* 43). The notice of sale in *Worley* was first published in a newspaper on August 3, 1859, and last published "around noon" on September 14, 1859, at which time it was available to some subscribers. 6 Minn. at 194, 6 Gil. at 125–26. The foreclosure sale was held at 3:00 p.m. on September 14, 1859. *Id.* at 194, 6 Gil. at 126. The supreme court rejected the appellants' argument that the notice of sale was not published for the required six-week period before the sale was held, stating that "the notice was published six weeks, as required by statute. Excluding ... the day of the first publication, and including ... the day of the sale, makes forty-two days, or six weeks of seven days each." *Id.* at 199–200, 6 Gil. at 126. Noting that the sale was held on the 42nd day after the first day of publication, and applying an earlier statute including time-computation language equivalent to section 645.15, the court said that it knew of no rule where the first and the last day of publication had to be excluded in computing time and that "the day on which the act is to be done, or event happen[s], is to be included" in the computation of the time period. *Id.* at 200, 6 Gil. at 126–27.

Gallaher argues that *Worley* is distinguishable from the case now before us because the facts in *Worley* show that six weeks of seven 24–hour days had elapsed between the time of the first publication and the sale. Gallaher argues that the *Worley* decision is based on the fact that the newspaper in which the notice was published was printed at noon, available shortly after noon, and the sale was held at 3:00 p.m. *See id.* at 199–200, 6 Gil. at 125–26. Our reading of *Worley* leads us to reject Gallaher's argument that the supreme court based its decision on this factual hairsplitting.

In addition to *Worley*, Gallaher argues that four cases support a conclusion that Minnesota law allows a mortgagor the entire last day of the notice or grace period in which to satisfy a legal or contractual obligation. But, in light of *Worley*, all four cases are distinguishable and unpersuasive. Two of the cases do not involve foreclosure sales. *See Jorgensen v. Knutson*, 662 N.W.2d 893, 896, 898 (Minn.2003) (stating that debtor and her husband were denied full ten days to pay insurance premium when tenth day landed on Saturday and insurance company informed them that insurance would be cancelled at 12:01 a.m. on Monday, effectively excluding Monday); *Mansfield v. Fleck*, 23 Minn. 61, 61–62 (1876) (reasoning that plaintiff did not receive full ten days' notice of offer of judgment when defendant extended offer on March 2 and the trial commenced on March 12). One case, *Pratt v. Tinkcom*, involves a question of when a mortgage goes into default. *Pratt v. Tinkcom*, 21 Minn. 142, 145 (1874) (concluding that foreclosure sale was void because notice of sale was published before mortgage went into default, and "mortgagor was entitled to the whole of the business hours of that day in which to make payment"). And one case, *White v. Mazal*, is a case in which

the supreme court set aside a foreclosure sale because it occurred 41 days after the first notice was published. *White v. Mazal,* 192 Minn. 522, 523–24, 257 N.W. 281, 282 (1934). Although all four cases cited by Gallaher involved the application of section 645.15 to the computation of time, *Worley* is the only case that directly addressed the application of section 645.15's time-computation method to section 580.03, and *Worley* concluded that a sale held on the 42nd day after the first day of publication is valid. *See Worley,* 6 Minn. at 199–200, 6 Gil. at 126.

Gallaher emphasizes that under Minn. Stat. § 580.30, subd. 1 (2010), a person may pay the amount due on a mortgage at any time before the property is sold at a sheriff's sale, thereby halting the foreclosure proceedings. He argues that to allow a foreclosure sale to occur on the 42nd day after the first day of publication deprives a person of the full protection under section 580.30, subdivision 1, because the person is not afforded the entire 42nd day within which to pay the amount due on the mortgage. While Gallaher's argument is not altogether lacking in merit, we are bound to follow the precedent in *Worley.* Moreover, Gallaher makes no claim that he attempted to pay the amount due on the assessment lien after the assessment-lien-foreclosure sale was held on January 29, 2009, after 10:00 a.m.

In this case, the association first published the notice of assessment-lien-foreclosure sale on December 18, 2008, and the association published the notice six times for six consecutive weeks. The foreclosure sale was held at 10:00 a.m. on January 29, 2009—on the 42nd day after the first day of publication. The district court correctly computed the six-week period in accordance with section 645.15, concluded that "a sheriff's sale that occurs on the forty second day of the publication period is valid," and concluded that the assessment-lien-foreclosure sale held is valid. We therefore reject Gallaher's argument that the assessment-lien-foreclosure sale is invalid merely because it was held before the end of the 42nd day of the publication period. The district court did not err by concluding that Titler is the fee owner of the property.

## II. Time–Bar under Minn.Stat. § 582.25

▇▇▇ Generally this court only reviews issues that are both presented to and decided by the district court. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988). But "where a party litigated two separate grounds for recovery and the district court made its decision based on one and not the other, that party can stress any sound reason for affirmance even if it is not the one assigned by the trial judge, in support of the decision." *Day Masonry v. Indep. Sch. Dist. 347,* 781 N.W.2d 321, 331 (Minn. 2010) (quotations omitted). Furthermore, this court may consider issues that have been presented to but not decided by the district court when the facts are undisputed and both parties have briefed the issue. *SCI Minn. Funeral Servs., Inc. v. Washburn–McReavy Funeral Corp.,* 779 N.W.2d 865, 873 (Minn.App.2010), *aff'd,* 795 N.W.2d 855 (Minn.2011). Here, Titler raised the time-bar issue in the district court, the facts underlying the issue are undisputed, and both parties briefed the issue in the district court and in this court. We therefore address Titler's time-bar argument.

Section 582.25(3)(a) reads:

Every mortgage foreclosure sale by advertisement in this state under power of sale contained in any mortgage duly executed and recorded in the office of the county recorder or registered with the registrar of titles of the proper coun-

ty of this state, together with the record of such foreclosure sale, is, after expiration of the period specified in section 582.27, hereby legalized and made valid and effective to all intents and purposes, as against any or all of the following objections:

. . . .

(3) that the notice of sale[ ] ... was published six times but not for six weeks prior to the date of sale[.]

Under Minn.Stat. §§ 582.25, .27, subd. 1(A), if a person does not object to an enumerated defect within one year after the expiration of the redemption period, section 582.25 cures that defect and legalizes the defective foreclosure sale. Titler argues that section 582.25(3)(a) bars Gallaher's claim because he did not commence a legal action or proceeding before July 29, 2010, one year after the expiration of the redemption period.

Gallaher makes two arguments. He argues that the five-year statute of limitations found in Minn.Stat. § 580.20 (2010) applies to his challenge to the validity of the assessment-lien-foreclosure sale. And, alternatively, he argues that section 582.25(3)(a) is a curative statute that is similar to a notice-of-claim provision and, if it applies, *he* satisfied it when his contract-for-deed vendees defended against Titler's eviction action in January 2010. Section 580.20 reads in relevant part:

No such [sheriff's] sale shall be held invalid or be set aside by reason of any defect in the notice thereof, or in the publication or service of such notice ... unless the action in which the validity of such sale is called in question be com-

menced ... not later than five years after the date of such sale....

Minn.Stat. § 580.20.

■ This court reviews the construction and application of statutes of limitations de novo. *MacRae v. Grp. Health Plan, Inc.,* 753 N.W.2d 711, 716 (Minn.2008). No court has addressed the interplay between section 580.20 and section 582.25(3)(a). To determine whether Gallaher's claim is time-barred by section 582.25(3)(a), we must determine (1) whether sections 580.20 and 582.25(3)(a) conflict, and if they conflict, which section controls; and (2) whether Gallaher objected within one year after the last day of the redemption period.[3]

■ Whether section 580.20 and section 582.25(3)(a) conflict and which section controls are questions of statutory interpretation. "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2010); *see Premier Bank v. Becker Dev., LLC,* 785 N.W.2d 753, 759 (Minn.2010) (applying section 645.16).

When a general provision in a law is in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provision shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted at a later session and it shall be the manifest intention of the legislature that such general provision shall prevail.

**3.** Sections 580.20 and 582.25 are mortgage-foreclosure statutes, which apply to this assessment-lien-foreclosure case. *See* Minn. Stat. § 515B.3–116(h)(1) (allowing an assessment lien to "be foreclosed in a like manner as a mortgage containing a power of sale pursuant to chapter 580"), (h)(4) (2010) ("In any foreclosure pursuant to chapter 580, 581, or 582, the rights of the parties shall be the same as those provided by law....").

Minn.Stat. § 645.26, subd. 1 (2010); *see Barton v. Moore,* 558 N.W.2d 746, 752 (Minn.1997) (applying section 645.26, subdivision 1). The legislature enacted a version of section 580.20 in 1883, 1883 Minn. Laws ch. 112, at 155–56, and enacted section 582.25 in 1976. 1976 Minn. Laws ch. 148, § 1, at 408–12. When the legislature enacted section 582.25, section 582.25(3)(a) applied only to foreclosure sales that occurred before May 1, 1975. 1976 Minn. Laws ch. 148, § 1, at 407–08, § 3, at 412. In 1995, the legislature made section 582.25(3)(a) applicable to all foreclosure sales one year after the last day of the redemption period. 1995 Minn. Laws ch. 92, § 14, at 220.

Although sections 580.20 and 582.25(3)(a) appear to conflict, we can give effect to both. For certain publication notice defects, section 582.25 reduces the period during which a person can challenge a foreclosure sale from five years after the date of the foreclosure sale, as allowed by section 580.20, to one year after expiration of the redemption period. Section 580.20 is an older, general statute that acts as a statute of limitations, barring pursuit of any remedy based on defects in the notice of a foreclosure sale or the publication of that notice five years after the date of the foreclosure sale. Section 582.25(3)(a) is a newer, specific curative statute that validates the foreclosure against certain defects enumerated in the statute if an objection is not made within one year after the last day of the redemption period. *See* 6A Steven J. Kirsch, *Minnesota Practice* § 49.27 (3d ed.) (stating that "before raising an objection to a foreclosure, or when responding to an objection to a foreclosure, the attorney should examine the relevant curative statutes to see if they dispose of the objection"). Section 582.25 is a statute of repose. *See Weston v. McWilliams & Assocs., Inc.,* 716 N.W.2d 634, 641 (Minn. 2006) ("[A] statute of limitations limits the time within which a party can pursue a remedy ... whereas a statute of repose limits the time within which a party can acquire a cause of action.... A statute of repose is intended to terminate the possibility of liability after a defined period of time, regardless of the potential plaintiff's lack of knowledge of his or her cause of action. Such statutes reflect the legislative conclusion that a point in time arrives beyond which a potential defendant should be immune from liability for past conduct." (quotation omitted)). If a defect does not fit within the enumerated list of defects in section 582.25, the five-year statute of limitations in section 580.20 applies. This interpretation comports with *Minnesota Practice. See* 6A Kirsch, *Minnesota Practice* § 49.27.

■ Here, the assessment-lien-foreclosure-sale defect claimed by Gallaher is enumerated in section 582.25(3)(a): that the "notice of sale ... was published six times but not for six weeks prior to the date of sale." Minn.Stat. § 582.25(3)(a). Therefore, the one-year time-bar in sections 582.25(3)(a) and 582.27, subdivision 1(A), applies to Gallaher's claim, not the five-year limitations period in section 580.20.

Having concluded that Gallaher's claim is subject to the one-year time-bar in section 582.25(3)(a), we must determine whether the time-bar is inapplicable to Gallaher's challenge because he made an objection within one year after the last day of the redemption period. To avoid the time-bar, Gallaher had to object to the alleged defect no later than July 29, 2010, the last day of the year after the expiration of the redemption period. He did not commence his quiet-title action against Titler until January 12, 2011, but he argues that his contract-for-deed vendees challenged the validity of the assessment-lien-

foreclosure sale when they attempted to defend against Titler's eviction action. Gallaher argues that we should construe his contract-for-deed vendees' challenge to Titler's right to evict as an objection by him under section 582.25(3)(a). But he makes this argument without any legal support.

We conclude that any objections raised by Gallaher's contract-for-deed vendees to the assessment-lien-foreclosure sale or Titler's title during the eviction action are not attributable to Gallaher and do not constitute an objection by him under section 582.25(3)(a). Because Gallaher did not object to the assessment-lien-foreclosure sale within one year after expiration of the redemption period, his challenge to the validity of the foreclosure sale is time-barred under 582.25(3)(a).

## DECISION

An assessment-lien-foreclosure sale held on the 42nd day after the first day of publication of the notice of sale is valid under section 580.03. The sheriff's sale at which Titler purchased the property is valid, and the district court did not err by concluding that Titler is the fee owner of the property. Additionally, section 582.25(3)(a) bars Gallaher from objecting to the validity of the foreclosure sale because he did not object within one year after the expiration of the redemption period. Accordingly, the district court properly granted summary judgment to Titler.

**Affirmed.**